*Fee Paid*
SI
(8)

1   DAVID P. MASTAGNI, ESQ. (SBN 57721)
    DAVID E. MASTAGNI, ESQ. (SBN 204244)
2   WILL M. YAMADA, ESQ. (SBN 226669)
    JAMES R. TRABER, ESQ. (SBN 248439)
3   **MASTAGNI, HOLSTEDT, AMICK,**
    **MILLER, JOHNSEN & UHRHAMMER**
4   *A Professional Corporation*
    1912 "I" Street
5   Sacramento, California 95814
    Telephone: (916) 446-4692
6   Facsimile: (916) 447-4614

7   Attorneys for Plaintiffs

FILED

7?? FEB 27 P 2: 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

ADR

E-FILING

8

9          IN THE UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11   # C08   01166 RS

| | |
|---|---|
| 12  DANIEL J. MITCHELL, acting for himself ) | Case No.: |
|     and others similarly situated, ) | |
|     ) | **COMPLAINT FOR VIOLATIONS OF** |
| 13                  Plaintiffs, ) | **THE FAIR LABOR STANDARDS ACT** |
|     ) | |
| 14  v.  ) | |
|     ) | |
| 15  COUNTY OF MONTEREY, ) | |
|     ) | |
| 16                  Defendant. ) | |

17                          **I.**

18                     **JURISDICTION**

19          1.      This action is brought pursuant to the provisions of the Fair Labor Standards Act

20   (hereinafter "FLSA") 29 USC §§ 201, *et seq.*, to recover from Defendant COUNTY OF

21   MONTEREY(hereinafter "Defendant" or "County") unpaid overtime and other compensation, interest

22   thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This action is authorized by

23   Section 16(b) of the Act, 29 U.S.C. § 216(b), and subject matter jurisdiction is proper pursuant to 28

24   U.S.C. § 1331.

25          2.      Plaintiffs hereinafter-mentioned are or were employed by the DEFENDANT.

26   DEFENDANT deprived Plaintiffs of their full statutorily required compensation for hours worked.

27   DEFENDANT implemented an illegal compensation computation method, which undercounts

28   Plaintiffs' "regular rate" of pay.  Defendant's method of calculating Plaintiffs' "regular rate" of pay

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

*Mitchell v. County of Monterey*
Northern District of California

1   results, and has resulted in under-payment for overtime hours worked. Defendant suffered or permitted

2   plaintiffs to perform work without proper compensation.

3       3.    DEFENDANT, is a political subdivision of the State of California and at all times

4   herein-mentioned, employed Plaintiffs.

5       4.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

6   individuals.

7                                    **II.**

8                       **COLLECTIVE ACTION ALLEGATIONS**

9       5.    Plaintiffs bring this action on behalf of themselves and all other persons similarly

10  situated who work or have worked for the DEFENDANT, who were deprived of their complete

11  statutory overtime compensation, and were not properly compensated for all work performed for

12  DEFENDANT. Those individuals are similarly situated and constitute a well-defined community of

13  interest in their respective questions of law and fact relevant to this action.  The claims of the

14  represented parties are typical of the claims of those of other individuals similarly situated.  The

15  represented parties will fairly and adequately reflect and represent the interests of those similarly

16  situated.

17      6.    This action is brought by Plaintiffs as a collective action, on their own behalf and on

18  behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated

19  damages, a three year statute of limitations, and relief incident and subordinate thereto, including costs

20  and attorney fees.

21      7.    Plaintiffs bring this collective action on behalf of themselves and all other persons

22  similarly situated who were employed by the DEFENDANT during the relevant time period, and were

23  not fully compensated for all hours of overtime worked.

24      8.    The exact number of members similarly situated in the collective group, as herein above

25  identified and described, is estimated to consist of not less than two hundred ninety-six (296)

26  individuals.

27      9.    Those individuals similarly situated constitute a well-defined community of interest in

28

MASTAGNI, HOLSTEDT, AMICK    COMPLAINT FOR VIOLATIONS OF THE
MILLER, JOHNSEN & UHRHAMMER    FAIR LABOR STANDARDS ACT
A PROFESSIONAL CORPORATION                      -2-
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

*Mitchell v. County of Monterey*
Northern District of California

1  their respective questions of law and fact. The claims of the represented parties are typical of the claims

2  of those similarly situated. The represented parties will fairly and adequately reflect and represent the

3  interests of those similarly situated.

4      10.    There are common questions of law and fact in this action relating to and affecting the

5  rights of each member of the collective group, including whether Defendant failed to fully compensate

6  Plaintiffs for all hours worked. The relief sought is common to the entire class.

7      11.    Plaintiffs' claims and those similarly situated depend on a showing of Defendants' acts

8  and omissions giving rise to Plaintiffs' right to the relief sought herein. There is no conflict as to any

9  individually named Plaintiff and other members of the collective group seeking to opt-in, with respect

10  to this action, or with respect to the claims for relief herein set forth.

11      12.    This action is properly maintained as a collective action in that the prosecution of

12  separate actions by individual members of the collective group would create a risk of adjudications with

13  respect to individual members of the class which may as a practical matter be dispositive of the interests

14  of the other members not parties to the adjudications, or may substantially impair or impede their ability

15  to protect their interests.

16      13.    Plaintiffs' attorneys are experienced and capable in litigation in the field of Fair Labor

17  Standards Act and Labor/Employment litigation and have successfully represented claimants in other

18  litigation of this nature. Plaintiffs counsel, Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer,

19  a professional corporation, will conduct and be responsible for Plaintiffs' case herein.

20  **FACTUAL ASSERTIONS**

21      14.    Plaintiffs are or were employed by the Defendant within the last three (3) years.

22  Plaintiffs' and Defendant's employment relationship is governed by the terms of applicable collective

23  bargaining agreements. Said collective bargaining agreements delineate the applicable terms and

24  conditions of employment for the Plaintiffs.

25      15.    The collective bargaining agreements between respective bargaining unit representatives

26  and Defendant include pay scales providing Plaintiffs' hourly rates of pay for work performed during

27  their applicable work period. Pursuant to the terms of the applicable collective bargaining agreement,

28

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-3-

*Mitchell v. County of Monterey*
Northern District of California

1   Plaintiffs are required to be paid overtime for all hours in excess of eight (8) hours worked in a day.

2       16.    At all times relevant hereto, DEFENDANT has, and continues to have a policy and/or

3   practice of requiring, suffering, and permitting Plaintiffs to arrive to work approximately fifteen (15)

4   minutes or more before the beginning of their scheduled shifts to perform uncompensated work and

5   other activities integral and indispensable to their principal activities.

6       17.    At all times relevant hereto, DEFENDANT has knowingly required, suffered, and

7   permitted Plaintiffs assigned to the Monterey County Jail to perform uncompensated work prior to their

8   scheduled shifts. This pre-shift work includes arriving at the front desk and checking the roster to

9   determine the location of their work assignment, and initial the roster to show they are starting their

10  shift. Plaintiffs are then suffered or permitted to walk to the locker room and equip themselves with a

11  uniform, acceptable boots/footwear, and equip themselves with a duty belt which aids Plaintiffs in

12  carrying equipment that is integral and indispensable to the performance of their duties. Plaintiffs are

13  also suffered, permitted, and required to don a life mask (rescue breather), handcuffs, handcuff keys,

14  a watch, and a radio. Defendant then suffers or permits Plaintiffs to transport their duty gear through

15  the jail, to their assigned workstation. Once Plaintiffs arrive at their workstation, Plaintiffs are suffered

16  or permitted to obtain keys from outgoing officers and ensure that all keys are accounted for. Plaintiffs

17  are then suffered or permitted to receive a briefing from the outgoing officer that aids in their

18  performance of law enforcement activities. This briefing includes updates regarding current and long-

19  term issues affecting a Plaintiff's specific workstation including inmate behavior, gang activity,

20  disturbances, security threats, inmate violence, and inmate movement. Defendant suffers or permits

21  Plaintiffs to perform all of this uncompensated work prior to the start of their scheduled shifts.

22      18.    At all times relevant hereto, DEFENDANT has, and continues to have a policy and/or

23  practice of requiring Plaintiffs assigned to work at the Monterey County Jail to remain at work

24  approximately ten (10) minutes or more after the end of their scheduled shifts to perform

25  uncompensated work and other activities integral and indispensable to their principal activities.

26      19.    At all times relevant hereto, DEFENDANT has knowingly required, suffered, and

27  permitted Plaintiffs to perform uncompensated work after the end of their scheduled shifts. This

28

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT          -4-          *Mitchell v. County of Monterey*
Northern District of California

1 uncompensated post shift work includes, but is not limited to remaining at their assigned workstation
2 until after they are properly relieved by an oncoming officer, briefing oncoming deputies regarding
3 current and long-term issues regarding inmate behavior and movement affecting their specific
4 workstation, returning and exchanging keys, and walking from their assigned workstations to the locker
5 room. Once at the locker room, Plaintiffs are required, suffered, and permitted to remove their uniform,
6 footwear, and duty belt which aids Plaintiffs in carrying equipment that is integral and indispensable
7 to the performance of their duties including: a life mask (rescue breather), handcuffs, handcuff keys,
8 a watch, and a radio. The Defendant has a policy and practice of not compensating Plaintiffs for
9 performing this post-shift work.

10     20.    At all times relevant hereto, DEFENDANT has knowingly required, suffered, and
11 permitted Plaintiffs assigned to the Monterey County Enforcement Operations Bureau (Patrol) to
12 perform uncompensated work prior to the start of their scheduled shifts. This pre-shift work includes,
13 but is not limited to: carrying their uniforms and duty gear to the locker room, performing routine
14 maintenance of their duty gear, donning a duty belt which holds integral and indispensable equipment
15 necessary for the performance of Plaintiffs' law enforcement duties. Plaintiffs donning of their duty
16 belt includes donning a radio, taser, firearm, handcuffs, a baton, a flashlight, and keys. Additionally,
17 some Plaintiffs are suffered or permitted to arrive at work prior to the start of their scheduled shifts to
18 print out "be on the lookout" reports, and print out pertinent emails. Defendant suffers or permits
19 Plaintiffs to perform all of this uncompensated work prior to the start of their scheduled shifts.

20     21.    At all times relevant hereto, these pre-shift and post-shift activities were, and are, an
21 integral and indispensable part of Plaintiffs' principal activities.

22     22.    At all times relevant hereto, Defendant derived a significant benefit from Plaintiffs'
23 performance of these pre-shift and post-shift activities.

24     23.    Plaintiffs are informed and believe that at all times relevant hereto, Defendant was aware
25 that Plaintiffs performed these pre-shift and post-shift duties without compensation. Defendant knew
26 or should have known that these pre-shift and post-shift duties constitute compensable work.

27     24.    Plaintiffs are informed and believe, and therefore allege that at all times relevant

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-5-

*Mitchell v. County of Monterey*
Northern District of California

1    hereto Defendant was notified that the FLSA required Defendant to compensate Plaintiffs for this pre-

2    shift and post-shift work. Plaintiffs are informed and believe and therefore allege Defendant knowingly

3    and intentionally refused to compensate Plaintiffs for all hours worked conducting pre-shift and post-

4    shift activities described above.

5        25.    Plaintiffs are informed and believe, and therefore allege that at all times relevant

6    hereto Defendant's conduct of not compensating plaintiffs for these pre-shift and post-shift duties was

7    willful. Plaintiffs further allege that Defendant knew or recklessly disregarded the requirements of the

8    FLSA by not compensating Plaintiffs for these hours worked before and after their scheduled shifts.

9        26.    At all times relevant hereto Defendant has impermissibly excluded or under calculated

10    nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays

11    from its calculation of the "regular rate" of pay, upon which all forms of Plaintiffs' overtime

12    compensation are based.

13        27.    The County's past and current practice of computing Plaintiffs' overtime   has

14    impermissibly reduced the amount being paid to Plaintiffs by failing to compute all statutorily required

15    amounts into Plaintiffs' "regular rate" of pay.

16        28.    Defendant has a policy and practice of excluding or under counting remunerations such

17    as nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium

18    pays.

19        29.    Defendant has a policy of cashing out Plaintiffs' unused Compensatory Time Off (CTO)

20    once a year. The rate at which Defendant cashes out Plaintiffs' CTO accrual excludes nondiscretionary

21    bonuses and other remuneration from Plaintiffs' "regular rate of pay" as defined by 29 U.S.C. § 207(e).

22    This has resulted in underpayment of Plaintiffs' CTO cash-out in violation of 207(o).

23        30.    Defendant is not properly calculating the "regular rate" of pay upon which Plaintiffs'

24    overtime compensation and CTO compensation is based. 29 U.S.C. § 207(e) requires Defendant

25    include all remuneration for employment, except seven specified types of payments not applicable to

26    this action, in the calculation of Plaintiffs' "regular rate" of pay and overtime compensation.

27        31.    Defendant impermissibly excludes or under calculates nondiscretionary bonuses,

28

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-6-

*Mitchell v. County of Monterey*
Northern District of California

1  incentive pays, pay differentials, extra compensations and/or premium pays from its calculation of the

2  "regular rate" of pay, upon which Plaintiffs' overtime compensation and Compensatory Time Off cash

3  out is based.

4      32.    The County's past and current practice of computing overtime and CTO cash out

5  payments has impermissibly reduced the amount being paid to Plaintiffs by failing to compute all

6  statutorily required amounts into Plaintiffs' "regular rate" of pay. The County's improper exclusion of

7  remunerations in the calculation of Plaintiffs' "regular rate" of pay has had and continues to cause an

8  impermissible reduction of Plaintiffs' overtime rate of pay and CTO cash-out rate.

9      33.    Defendant pays eligible Plaintiffs, who are members of the Monterey County Deputy

10  Sheriff's Association ("MCSCA"), Longevity/Performance pay. Pursuant to the terms of the applicable

11  Memorandum of Understanding ("MOU") between Plaintiffs and Defendant, eligible Plaintiffs receive

12  up to eight percent (8%) compensation in addition to their base rate of pay.

13      34.    Defendant's past and current practice has been to completely exclude the

14  Longevity/Performance pay from the calculation of Plaintiffs' "regular rate" of pay when computing

15  Plaintiffs' overtime payments, CTO accrual, and CTO cash out payments.

16      35.    Defendant's exclusion of the Longevity/Performance Pay from the calculation of

17  Plaintiffs' "regular rate" of pay has resulted in under payment of Plaintiffs' overtime compensation,

18  CTO accrual, and CTO cash out rate.

19      36.    Defendant has withheld a substantial amount of overtime and CTO compensation from

20  Plaintiffs by incorrectly and illegally computing Plaintiffs' "regular rate" of pay, resulting in under

21  payment of overtime and CTO compensation  in violation of 29 U.S.C. § 207.

22      37.    Plaintiffs are informed and believe and therefore allege that Defendant has been made

23  aware of and was notified its practice of excluding some remunerations from Plaintiffs' "regular rate"

24  of pay and overtime compensation violated the Fair Labor Standards Act. Defendant has disregarded

25  the clear and unambiguous notice of its improper and illegal overtime calculation practice and wilfully

26  refused to comply with the FLSA.

27      38.    Defendant knew or should have known its method of calculating the "regular rate" and

28

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-7-

*Mitchell v. County of Monterey*
Northern District of California

1  providing overtime and CTO compensation violated the FLSA.

2      39.    Plaintiffs are informed and believe and therefore allege the Defendant has refused to

3  abide by requests to cease and desist from violating overtime and CTO laws under the FLSA.

4      40.    Plaintiffs are informed and believe, and therefore allege the Defendant knew or should

5  have known the FLSA obligated Defendant to include  incentive pays in the "regular rate" of pay.

6  Defendant knew or should have known it was obligated to use said "regular rate" in the computation

7  of overtime and CTO cash out rate.

8      41.    Defendant's conduct was willful and constituted a conscious or reckless disregard for

9  the law.  Defendant  knew its  method of calculating Plaintiffs' overtime and CTO cash out rate was

10 and is prohibited by the FLSA.

11                              **FIRST COUNT**

12              **CAUSE OF ACTION FOR THE VIOLATION OF**
                  **THE FAIR LABOR STANDARDS ACT**

13     42.    Plaintiffs incorporate by reference each paragraph set forth above, inclusive, as though

14 set forth fully herein.

15     43.    Defendant suffered or permitted Plaintiffs to perform hours of uncompensated work

16 before and after their scheduled shifts

17     44.    Plaintiffs' work conducting pre-and post-shift activities was not voluntary, but was

18 expected or required by the Defendant as part of their job duties.

19     45.    Defendant received a substantial benefit from the Plaintiffs for the pre-and post-shift

20 work they performed.

21     46.    At all times relevant hereto, Defendant was aware Plaintiffs were performing this

22 pre-shift and post-shift work without compensation.

23     47.    Plaintiffs' pre-shift and post shift duties equipping themselves with required duty gear,

24 receiving and providing briefings, and exchanging keys, radios, tasers and other equipment, is

25 compensable "work" under the FLSA. Pursuant to the United States Code of Federal Regulations, 29

26 C.F.R. § 553.221(b):

27     Compensable hours of work generally include all of the time during which an

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-8-

*Mitchell v. County of Monterey*
Northern District of California

1    employee is on duty on the employer's premises or at a prescribed workplace, as
     well as other time during which the employee is suffered or permitted to work for
2    the employer. Such time includes all pre-shift and post-shift activities which are
     an integral part of the employee's principal activity or which are closely related to
3    the performance of the principal activity, such as attending roll call, writing up and
     completing tickets or reports, and washing and re-racking fire hoses.

4
     48.    Plaintiffs' pre-shift and post shift activities are not de minimis and must be
5
     compensated. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 785.47:
6
7    An employer may not arbitrarily fail to count as hours worked any part, however
     small, of the employee's fixed or regular working time or practically ascertainable
     period of time he is regularly required to spend on duties assigned to him. See
8    *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 987 (C.A. 8, 1952), cert.
     denied, 344 U.S. 866 (1952), rehearing denied, 344 U.S. 888 (1952), holding that
9    working time amounting to $1 of additional compensation a week is "not a trivial
     matter to a workingman," and was not de minimis; *Addison v. Huron Stevedoring
10   Corp.*, 204 F.2d 88, 95 (C.A. 2, 1953), cert. denied 346 U.S. 877, holding that "To
     disregard workweeks for which less than a dollar is due will produce capricious and
11   unfair results." *Hawkins v. E.I. du Pont de Nemours & Co.*, 12 W.H. Cases 448,
     27 Labor Cases, para. 69, 094 (E.D. Va., 1955), holding that 10 minutes a day is not
12   de minimis.

13   49.    Defendant has a duty to ensure that Plaintiffs' pre-shift and post shift activities are

14   not performed if it does not want the work performed. Pursuant to the United States Code of

15   Federal Regulations, 29 C.F.R. § 785.13:

16      In all such cases it is the duty of the management to exercise its
        control and see that the work is not performed if it does not want
17      it to be performed. It cannot sit back and accept the benefits
        without compensating for them. The mere promulgation of a rule
18      against such work is not enough. Management has the power to
        enforce the rule and must make every effort to do so.
19   50.    At all times relevant hereto, Defendant and its agents and representatives were

20   aware of their obligations to pay Plaintiffs for all hours worked.

21   51.    At all times relevant hereto, Defendant and its agents and representatives were

22   aware of their obligations to pay Plaintiffs overtime compensation for all hours worked in excess

23   of forty (40) hours per week, or where applicable, in excess of the applicable maximum weekly

24   hours established by Section 207 of the FLSA.

25   52.    Defendant is not exempt from compensating Plaintiffs overtime at time and one-half

26   Plaintiffs' "regular rate" of pay for all hours worked prior to and after the end of a scheduled work

27   shift.

28

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER A PROFESSIONAL CORPORATION 1912 I STREET SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT                                         *Mitchell v. County of Monterey*
                                                                                                Northern District of California
                                              -9-

53.    At all times relevant hereto Defendant through its agents and representatives willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Plaintiffs for work performed in excess of forty (40) hours per work week, or where applicable, their alternative work schedules.

54.    At all times relevant hereto Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the Fair Labor Standards Act. Thus Plaintiffs are entitled to a three (3) year statute of limitations.

55.    As a result of the foregoing violations of the Fair Labor Standards Act as herein enumerated, Plaintiffs seek damages for back pay and overtime compensation, as well as liquidated damages.

56.    Plaintiffs also seek reasonable attorney's fees pursuant to 29 USC Section 216(b).

57.    Plaintiffs are informed and believe and thereon allege Defendant's past and current practice has been to exclude and/or under calculate incentive pays, nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation of Plaintiffs' "regular rate" of pay when calculating the rate of Plaintiffs' overtime compensation. Defendant's practice is in violation various provisions of the FLSA including, but not limited to 29 U.S.C. § 207(e).

**SECOND COUNT**

**CAUSE OF ACTION FOR THE VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

58.    Plaintiffs incorporate by reference each paragraph above as though set forth fully herein.

59.    Pursuant to 29 U.S.C. § 207 (a)(2)(C), an employer cannot employ an employee for more than forty hours in a workweek unless "such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed."

60.    Pursuant to 29 U.S.C. § 207(o) and 29 C.F.R. § 553.27, the payment of unused Compensatory Time off must be paid at the regular rate earned by the employee at the time the employee receives payment. If the employee was terminated, the employee must be paid at the higher of the employee's regular rate of pay at the time of termination or the average regular rate of pay

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1 received by the employee during the last three years of employment.

2     61.    Pursuant to 29 U.S.C. § 207(e), "the 'regular rate' at which an employee is employed
3 shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but"
4 excludes specifically delineated payments detailed under section (e). The exclusions are not applicable
5 to this action.

6     62.    Defendant improperly calculates Plaintiffs' overtime rate.   In accordance with the
7 applicable collective bargaining agreements and the Code of Federal Regulations, Defendant's are
8 required to calculate Plaintiffs' "regular rate" of pay based on a forty (40) hour work week by totaling
9 the base weekly salary with additional remunerations and dividing by forty (40) hours. This calculation
10 yields the statutorily defined "regular rate" of pay.

11     63.    The FLSA and the corresponding authorities define the "regular rate" of pay as
12 including, but not limited to, such remuneration as, nondiscretionary bonuses, other incentive pays, pay
13 differentials, extra compensations and premium pays.

14     64.    The Memoranda of Understanding between the applicable recognized bargaining unit
15 agents, MCDSA, and Defendant provide Plaintiffs a nondiscretionary right to additional compensation
16 and pay if they meet certain qualifications. These additional pays and compensation must be included
17 in the calculation of the Plaintiffs' "regular rate" of pay, for purposes of determining overtime
18 compensation and CTO cash out rate.

19     65.    Defendant's past and current practice has been to exclude and/or under calculate
20 Longevity/Performance premiums in addition to other incentive pays, nondiscretionary bonuses, pay
21 differentials, extra compensations and premium pays from the calculation of Plaintiffs' "regular rate"
22 of pay for purposes of calculating the correct rate of overtime compensation. Defendant's practice is
23 in direct violation of the FLSA.

24     66.    Defendant's past and current practice has been to exclude and/or under incentive pays,
25 nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation
26 of Plaintiffs' "regular rate" of pay for purposes of cashing out Plaintiffs unused Compensatory Time
27 Off. Defendant's practice is in direct violation of the FLSA.

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT

-11-

*Mitchell v. County of Monterey*
Northern District of California

1    67.    Defendant was aware of and had been notified it was violating the FLSA.

2    68.    Defendant has withheld significant portions of compensation to which Plaintiffs are

3    entitled and wilfully continues to do so.

4    69.    At all times herein mentioned, Plaintiffs are informed and believe and therefore allege

5    that Defendant and its agents and/or representatives were aware of their obligations to properly

6    compute and utilize the correct "regular rate" of pay in calculating Plaintiffs' overtime compensation

7    and CTO cash out rate.

8    70.    Plaintiffs are informed and believe and therefore allege that Defendant and its agents

9    and/or representatives willfully and knowingly violated the FLSA by continuing to improperly exclude

10    remunerations from the calculation of Plaintiffs' "regular rate" of pay.

11    71.    Defendant's continuing failure to so compensate Plaintiffs was not in good faith and is

12    also a willful violation of the FLSA as it applies to employees of local governments.

13    72.    As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs

14    seek damages for lost overtime compensation and CTO compensation, as well as liquidated damages.

15    Plaintiffs seek these damages for the entire time period that Defendant has been engaging in said

16    unlawful and willful conduct up to three years as prescribed under the FLSA.

17    73.    Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

18

19    WHEREFORE, Plaintiffs pray judgment as follows:

20    1.    For unpaid compensation and interest thereon, plus an equal amount of liquidated

21    damages, for all Plaintiffs who were required to perform work without appropriate

22    compensation pursuant to 29 USC § 216(b);

23    2.    For a determination that Defendant's conduct was not in good faith, but was an

24    intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to

25    liquidated damages;

26    3.    For a determination that Defendant's conduct was not in good faith, but was an

27    intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to a

28    three (3) year statute of limitations;

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER LABOR STANDARDS ACT
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT
-12-

Mitchell v. County of Monterey
Northern District of California

1        4.     For reasonable attorneys' fees pursuant to 29 USC § 216(b);

2        5.     For costs incurred as a result of this proceeding;

3        6.     For injunctive relief ordering the Defendant to cease and desist from engaging in said

4                unlawful conduct;

5        7.     For such other and further relief as the court deems just and proper.

6

7   Dated: February 20, 2008         **MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

8

9                             By:_____

10                            JAMES R. TRABER
                                   Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER A PROFESSIONAL CORPORATION 1912 I STREET SACRAMENTO, CALIFORNIA 95814

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

-13-

*Mitchell v. County of Monterey*
Northern District of California