1  CHARLES J. McKEE  (SBN 152458)
   County Counsel
2  WILLIAM K. RENTZ  (SBN 058112)
   Sr. Deputy County Counsel
3  Office of the County Counsel
   168 W. Alisal Street, 3rd Floor
4  Salinas, California  93901-2680
   Telephone:  (831) 755-5045
5  Facsimile:   (831) 755-5283
   rentzb@co.monterey.ca.us
6

7  Attorneys for COUNTY OF MONTEREY

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12 DAN MITCHELL, acting for himself and        CASE NO.:  C08-01166 RS
   others similarly situated,
13                                             COUNTY OF MONTEREY'S ANSWER
                                               TO COMPLAINT FOR VIOLATIONS OF
                Plaintiffs,                     THE FAIR LABOR STANDARDS ACT
14                                             [29 USC Secs. 201 et seq.]
   v.
15
   COUNTY OF MONTEREY,                          COUNTY OF MONTEREY'S
16                                             COUNTERCLAIMS FOR
                Defendant.                      DECLARATORY RELIEF AND FOR
17 _____/        REIMBURSEMENT OF OVERPAID
                                               REGULAR WAGES AND FOR
18 COUNTY OF MONTEREY,                          OVERPAID OVERTIME WAGES

19              Counterclaimants                DEMAND FOR JURY TRIAL

20 v.

21 DEPUTY SHERIFFS' ASSOCIATION OF
   MONTEREY COUNTY, a labor organization,
22 and DAN MITCHELL, acting for himself and
   others similarly situated, DAVID A.
23 ALLRED, JOHN C. BAIRD, JOSEPH
   ANTHONY CHAFFEE, JOHN Di CARLO,
24 EDWARD DURHAM, DENNIS ENGLISH,
   NELSON GARCIA, RUBEN A. GARCIA,
25 DUSTIN HEDBERG, ALFRED JIMENEZ,
   TIM KREBS, RICHARD D. MATTHEWS,
26 BRUCE MAUK, WILLIAM D. NAPPER,
   SHAWN O'CONNOR, DAVID R. RATTON,
27 (see next page)

28

1  KENNETH A. RESOR, ROBERT Q.
   RODRIGUEZ, MICHAEL R. SHAPIRO, and
2  GARY WHEELUS and all other Plaintiffs
   who are now or may hereafter be joined in this
3  proceeding,

4                  Counter-Defendants
                                                        /
5  _____

6                        **ANSWER TO COMPLAINT**

7       Defendant, COUNTY OF MONTEREY, answers the Complaint on file herein, paragraph

8  by paragraph, as follows:

9       1.      Answering paragraph 1, Defendant admits that Plaintiffs have filed their action

10 alleging violations of the Fair Labor Standards Act, but Defendant completely denies that there is

11 any legal basis for any of Plaintiffs' claims therein.

12      2.      Answering paragraph 2, Defendant admits that the Plaintiffs mentioned in the

13 complaint are or were employed by the Defendant, but Defendant completely denies the remaining

14 allegations in paragraph 2.

15      3.      Defendant admits the allegations in paragraph 3, except that Defendant has not yet

16 verified whether Defendant has employed all of the Plaintiffs at all times mentioned in the

17 Complaint.

18      4.      Answering paragraph 4, Defendant lacks sufficient information or belief to know

19 whether Plaintiffs can appropriately represent any other individuals, and on that basis, denies the

20 allegations in Paragraph 4.

21      5.      Answering paragraph 5, Defendant lacks sufficient information or belief to know

22 whether Plaintiffs can appropriately represent any other individuals, and on that basis, denies that

23 particular allegation in Paragraph 5.  Defendant completely denies the remaining allegations

24 therein.

25      6.      Answering paragraph 6, Defendant completely denies the allegations therein.

26      7.      Answering paragraph 7, Defendant completely denies the allegations therein.

27      8.      Answering paragraph 8, Defendant completely denies the allegations therein.

28

9.      Answering paragraph 9, Defendant completely denies the allegations therein.

10.     Answering paragraph 10, Defendant completely denies the allegations therein.

11.     Answering paragraph 11, Defendant completely denies the allegations therein.

12.     Answering paragraph 12, Defendant completely denies the allegations therein.

13.     Answering paragraph 13, Defendant lacks sufficient information and belief and on that basis denies the allegations therein.

14.     Answering paragraph 14, Defendant admits the allegations therein, except that Defendants lack sufficient information and belief to know at this time whether all the Plaintiffs named or who might be named in this complaint were actually employed by Defendant within the last three years, and on that basis, Defendant denies that particular allegation.

15.     Answering paragraph 15, Defendant admits the allegations therein, except that under the applicable collective bargaining agreements, Plaintiffs are required to be paid overtime for all hours actually worked in excess of 8 hours in a day or in excess of the employee's regularly scheduled work shift, whichever is greater.

16.     Defendant completely denies the allegations in paragraph 16.

17.     Defendant completely denies the allegations in paragraph 17, and affirmatively alleges that the pre-shift activities alluded to in paragraph 17 do not require compensation as part of the work that  Plaintiffs who work in the jail perform for Defendant.  Specifically, the time spent by a jail employee walking from the front door of the jail building to the front desk and then to his or her duty station is not compensable.  The amount of time spent by an employee checking the roster at the front desk to locate his or her work assignment and initial his or her acknowledgment of it is insignificant, taking less than a minute.  The time spent by an employee  changing clothes is exempt by law from consideration as part of compensable work time.  Further, changing into the work uniform takes no more time or special effort than changing into street clothes, it requires insignificant amounts of time, and at the election of the employee, it can be done at the work site or at home.  The time and effort spent by employees in equipping themselves with a belt and other tools of the trade – all of which are almost always immediately available to the employee and can

1  be donned simply by buckling the belt around the waist – is likewise insignificant, taking de

2  minimis time and effort.  In addition, some or all of the equipment can be stored by the employee

3  at home and can be donned by the employee there.  The time an employee spends exchanging

4  information and/or keys at his or her work station with the person whom that employee is relieving

5  is also insignificant and de minimis.  Taken together, all of these activities are de minimis and do

6  not require compensation.

7      18.    Defendant completely denies the allegations in paragraph 18 and affirmatively

8  alleges that jail employees are required to remain at their duty station only when their replacement

9  arrives late, and such hold-over employees are then compensated with overtime pay for as long as

10  necessary, starting with a minimum of 15 minutes' of overtime pay as soon as their replacement is

11  at least 8 minutes late.

12      19.    Defendant completely denies the allegations in paragraph 19, and affirmatively

13  alleges that the activities alluded to in paragraph 17 for jail employees leaving work after the end

14  of their shifts do not require compensation as part of the work that  Plaintiffs who work in the jail

15  perform for Defendant.  Specifically, all of the activities alluded to in paragraph 19, individually

16  and taken together, are de minimis and the employees spend insignificant time and effort in

17  performing these activities.  The time spent by the employee exchanging information and/or keys

18  with his or her replacement is de minimis.  The time spent by an employee walking from his or her

19  duty station to the exit from the building is not compensable.  The time spent by the employee

20  changing clothes is not compensable, and at the employee's election, can be done at home or in the

21  locker room at work.  The uniform worn by the jail employees takes no more time or effort to

22  change into or out of than ordinary street clothes.  The employee can remove all of the jail

23  equipment merely by unbuckling the belt on which it hangs.  Further, the employee has the choice

24  of removing the equipment at home and storing it there.

25      20.    Defendant completely denies the allegations in paragraph 20, and affirmatively

26  alleges that the pre-shift activities alluded to in paragraph 20 do not require compensation as part

27  of the work that  Plaintiffs who work in the Patrol unit perform for Defendant.  All of the activities

28

1   alluded to are de minimis and require insignificant amounts of time and effort. All the Patrol

2   employees begin their shift with a roll call in a regularly assigned meeting room in the Sheriff's

3   Department building. The time spent by a Patrol employee walking from the front door of the

4   building to the meeting room, prior to the start of his or shift, is not compensable. The time spent

5   by an employee  changing clothes is exempt by law from consideration as part of compensable

6   work time. Further, changing into the Patrol work uniform takes no more time or special effort

7   than changing into street clothes, it requires insignificant amounts of time, and at the election of

8   the employee, it can be done at the work site or at home. The time and effort spent by employees

9   in equipping themselves with a belt and other tools of the trade – all of which are almost always

10  immediately available to the employee and can be donned simply by buckling the belt around the

11  waist – is likewise insignificant, taking de minimis time and effort. In addition, some or all of the

12  equipment can be stored by the employee at home and can be donned by the employee there. Taken

13  together, all of these activities are de minimis, take insignificant amounts of time and effort, and do

14  not require compensation.

15      21.      Answering paragraph 21, Defendant denies that the pre-shift and post-shift activities

16  alluded to by Plaintiffs were and are such an integral and indispensable part of Plaintiff's principal

17  activities as to impose on Defendant a duty of compensation.

18      22.      Answering paragraph 22, Defendant denies that Defendant derived such a

19  significant benefit from Plaintiffs' performance of these pre-shift and post-shift activities as to

20  impose on Defendant a duty of compensation.

21      23.      Answering paragraph 23, Defendant County admits that at all times Defendant

22  County has been aware that Plaintiffs performed the pre-shift and post-shift activities alluded to by

23  Plaintiffs without compensation. Defendant denies that Plaintiffs are or were entitled to

24  compensation for such activities,  and Defendant denies that it knew or should have known that

25  Plaintiffs were entitled to such compensation.

26      24.      Defendant completely denies the allegations in paragraph 24, and Defendant

27  affirmatively alleges that the employee organization representing Plaintiffs has negotiated

28

1   innumerable labor agreements with Defendant without ever claiming that Plaintiffs were entitled

2   by law to compensation for any of the pre-shift and post-shift activities alluded to by Plaintiffs in

3   this action and without ever asking for or seeking to negotiate such compensation.

4         25.      Defendant completely denies the allegations in paragraph 25.

5         26.      Defendant completely denies the allegations in paragraph 26.

6         27.      Defendant completely denies the allegations in paragraph 27.

7         28.      Defendant completely denies the allegations in paragraph 28.

8         29.      Defendant completely denies the allegations in paragraph 29.

9         30.      Defendant completely denies the allegations in paragraph 30.

10        31.      Defendant completely denies the allegations in paragraph 31.

11        32.      Defendant completely denies the allegations in paragraph 32.

12        33.      Defendant admits the allegations in paragraph 33.

13        34.      Defendant completely denies the allegations in paragraph 34.

14        35.      Defendant completely denies the allegations in paragraph 35.

15        36.      Defendant completely denies the allegations in paragraph 36.

16        37.      Defendant completely denies the allegations in paragraph 37.

17        38.      Defendant completely denies the allegations in paragraph 38.

18        39.      Defendant completely denies the allegations in paragraph 39.

19        40.      Defendant completely denies the allegations in paragraph 40.

20        41.      Defendant completely denies the allegations in paragraph 41.

21  ANSWER TO FIRST COUNT

22  CAUSE OF ACTION FOR THE VIOLATION OF
23  THE FAIR LABOR STANDARDS ACT

24        42.      Defendant incorporates herein by reference its above answers to the allegations in

25  paragraphs 1-41 of the Complaint, as though fully set forth herein.

      43.      Defendant completely denies the allegations in paragraph 43.

26        44.      Defendant completely denies the allegations in paragraph 44.

27        45.      Answering paragraph 45, Defendant denies that it received such a benefit from

28

1  Plaintiffs for the pre-shift and post-shift activities alluded to by Plaintiffs as to impose on

2  Defendant a duty to compensate Plaintiffs for such activities.

3       46.    Answering paragraph 46, Defendant admits that it was aware that Plaintiffs were

4  performing pre-shift and post-shift activities, but Defendant denies that such work constituted

5  compensable work and Defendant denies that it was aware that such work did, would or might

6  constitute compensable work or was claimed by Plaintiffs to constitute compensable work.

7       47.    Defendant admits that 29 CFR Sec. 553.221(b) says what it says, and Defendant

8  affirmatively alleges that Sec. 553.221(b) states only a small part of the FLSA regulations

9  governing compensation. In all other respects, Defendant completely denies the allegations in

10  paragraph 47.

11       48.    Defendant admits that 29 CFR Sec. 785.47 says what it says, and Defendant

12  affirmatively alleges that Sec. 785.47 includes more text than is quoted by Plaintiffs. In all other

13  respects, Defendant completely denies the allegations in paragraph 48.

14       49.    Defendant admits that 29 CFR Sec. 785.13 says what it says, but otherwise,

15  Defendant completely denies the allegations in paragraph 49.

16       50.    Defendant completely denies the allegations in paragraph 50.

17       51.    Defendant completely denies the allegations in paragraph 51.

18       52.    Defendant completely denies the allegations in paragraph 52.

19       53.    Defendant completely denies the allegations in paragraph 53.

20       54.    Defendant completely denies the allegations in paragraph 54.

21       55.    Defendant completely denies the allegations in paragraph 55.

22       56.    Defendant completely denies the allegations in paragraph 56.

23       57.    Defendant completely denies the allegations in paragraph 57.

ANSWER TO SECOND COUNT

CAUSE OF ACTION FOR THE VIOLATION OF<br>THE FAIR LABOR STANDARDS ACT

       58.    Defendant incorporates herein by reference its above answers to paragraphs 1-57 of

the Complaint, as though fully set forth herein.

59.    Defendant admits that 29 USC Sec. 207(a)(2)(C) says what it says.

60.    Defendant admits that 29 USC Sec. 207(o) and 29 CFR Sec. 553.27 say what they say, but Defendant denies that these provisions impose any of the obligations on Defendant that are asserted by Plaintiffs in their complaint.

61.    Defendant admits that 29 USC Sec. 207(e) says what it says, but Defendant denies that this provision imposes any of the obligations on Defendant that are asserted by Plaintiffs in their complaint.

62.    Defendant completely denies the allegations in paragraph 62.

63.    Defendant admits that the FLSA and corresponding authorities say what they say.

64.    Defendant completely denies the allegations in paragraph 64.

65.    Defendant completely denies the allegations in paragraph 65.

66.    Defendant completely denies the allegations in paragraph 66.

67.    Defendant completely denies the allegations in paragraph 67.

68.    Defendant completely denies the allegations in paragraph 68.

69.    Defendant completely denies the allegations in paragraph 69.

70.    Defendant completely denies the allegations in paragraph 70.

71.    Defendant completely denies the allegations in paragraph 71.

72.    Defendant completely denies the allegations in paragraph 72.

73.    Defendant denies that Plaintiffs are entitled to attorneys' fees under any provision of law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### 29 USC Sec. 254

74.    Under 29 USC Sec. 254, Plaintiffs are not entitled to compensation for (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities.  All of the pre-shift and post-shift activities

1    alluded to by Plaintiffs come within these provisions of Sec. 254 and are not required to be

2    compensated.

### SECOND AFFIRMATIVE DEFENSE

### 29 USC SEC. 203(o)

5        75.    29 USC Sec. 203(o) states: "Hours Worked. In determining for the purposes of

6    sections 6 and 7 [*29 USCS §§ 206* and *207*] the hours for which an employee is employed, there

7    shall be excluded any time spent in changing clothes or washing at the beginning or end of each

8    workday which was excluded from measured working time during the week involved by the

9    express terms of or by custom or practice under a bona fide collective-bargaining agreement

10    applicable to the particular employee." The pre-shift and post-shift activities alluded to by

11    Plaintiffs involve changing clothes. Pursuant to a series of collective bargaining agreements

12    between the Plaintiffs' union, on behalf of the Plaintiffs, and the Defendant, there has been a

13    consistent and long-term custom and practice of not compensating Plaintiffs for time spent

14    changing clothes or donning or doffing clothes and equipment. Further, in section 19 of the

15    Memorandum of Understanding (MOU) between Plaintiffs' union and the Defendant County for

16    the period July 1, 2001, through June 30, 2006, the parties expressly agreed that Defendant would

17    pay a uniform allowance to each employee such as Plaintiffs who are required to have and

18    maintain a uniform. Each newly hired uniformed employee received the amount of $ 660 for the

19    purchase of the uniform. Thereafter, after completing the first year of employment, all uniformed

20    employees received the amount of $ 55 per month as an ongoing uniform allowance. Sec. 6.4 of

21    the current MOU between the Plaintiffs' union and Defendant County (for the period July 1, 2006,

22    through June 30, 2009) now requires an initial payment of $960 and a monthly uniform allowance

23    of $80. These sums adequately compensate Plaintiffs for all aspects of their uniform requirements

24    and are the only sums that Plaintiffs' union has heretofore bargained for in relation to uniforms for

25    Plaintiffs.

26

27

28

---

1

THIRD AFFIRMATIVE DEFENSE

2

2-YEAR STATUTE OF LIMITATIONS

3    76.    The claims of the Plaintiffs that accrued earlier than two years before the filing of

4  the Complaint herein or earlier than two years before filing their consent to be joined herein as

5  Plaintiffs are barred by the applicable two-year statute of limitations under 29 USC Sec. 255(a), as

6  Defendant has committed no willful violation of the Fair Labor Standards Act.

7

FOURTH AFFIRMATIVE DEFENSE

8

RELIANCE ON WRITTEN REGULATIONS

9    77.    Each act or omission on the part of Defendant about which Plaintiffs complain

10  herein was undertaken in good faith and in conformity with and in reliance on a written

11  administrative regulation, order, ruling, approval or interpretation given by the Administrator of

12  the Wage and Hour Division of the U.S. Department of Labor [Secretary of Labor] and/or by the

13  U.S. Secretary of Labor, or on an administrative practice or enforcement policy of said

14  Administrator, Secretary, or Department of Labor, and the Defendant is therefore immune from

15  damages in this lawsuit pursuant to 29 USC Sec. 259.

16

FIFTH AFFIRMATIVE DEFENSE

17

REASONABLE AND GOOD FAITH BELIEF

18    78.    At all times relevant herein, Defendant has acted in good faith and on reasonable

19  grounds for believing that Defendant had not committed, was not committing, and is not

20  committing any violation of the Fair Labor Standards Act with respect to any of the acts or

21  omissions alleged or alluded to by Plaintiffs herein.

22

SIXTH AFFIRMATIVE DEFENSE

23

29 USC SEC. 207(k)

24    79.    At all times relevant herein, Defendant has adopted, for some or all of Plaintiffs

25  herein, a plan under 29 USC Sec. 207(k), which permits Defendant to establish shifts that are

26  longer than 8 hours in a day without incurring overtime obligations.  The shifts established by

27  Defendant that exceed 8 hours in length, as applied to any of the Plaintiffs herein, are consistent

28

1    with Sec. 207(k) requirements and with the regulations thereunder set forth in 29 CFR Sec.

2    553.201. Plaintiffs are law enforcement personnel within the definition in 29 CFR Sec. 553. 211.

3                                    SEVENTH AFFIRMATIVE DEFENSE

4                                OFFSET FOR EXCESS BASE WAGES PAID

5        80.    Defendant is entitled to an offset for overpayments in wages that Defendant has

6    paid to Plaintiffs. In paragraph 5.3 of the Memorandum of Understanding between Plaintiffs'

7    union and Defendant County for the period July 1, 2001, through June 30, 2006, the parties agreed

8    that wages set for Plaintiffs would be calculated from a benchmark wage established by averaging

9    the wages for specified positions in three city police departments, including the City of Salinas.

10   Subsequently, Defendant obtained what it thought were the relevant wages from the three cities,

11   calculated the wages for Plaintiffs based on the figures provided by the cities, and paid wages to

12   Plaintiffs based on those calculations. Later still, Defendant learned that the City of Salinas had

13   provided figures that were incorrectly stated too high, causing the average of the three cities' wages

14   to be incorrectly high. The Defendant has thus paid wages to Plaintiffs based on the incorrectly

15   high figures. The mistake was caused by the City of Salinas, Defendant was unaware that the

16   initially provided figure was erroneous, and Defendant was entitled to rely on the figure provided

17   by Salinas. Under the MOU presently in effect, Defendant County has continued to pay wages to

18   Plaintiffs under the incorrectly high calculations. Defendant County is therefore entitled to an

19   offset against any claim made by Plaintiffs for additional wages, based upon the excess wage

20   payments made to Plaintiffs because of the erroneous figures provided by Salinas and mistakenly

21   relied upon in good faith by Defendant County.

22                                    EIGHTH AFFIRMATIVE DEFENSE

23                             OFFSET FOR EXCESS OVERTIME WAGES PAID

24       81.    Defendant is entitled to an offset for over payments in overtime wages paid to

25   Plaintiffs. In counting the hours to reach the threshold where overtime wages must be paid to

26   Plaintiffs, Defendant has included non-working hours – including but not limited to time spent on

27   vacation, on sick leave, on compensatory time, and on Workers Compensation leave time.

28

---

*Daniel Mitchell et al. v. County of Monterey*, Case No C08-01166 RS
**COUNTY OF MONTEREY'S ANSWER TO COMPLAINT**
**COUNTY OF MONTEREY'S COUNTERCLAIMS**
- 11 -

82.    The FLSA requires that the County pay overtime wages only for hours worked after the employee has actually worked the maximum number of regular hours.

83.    Section 14 of the MOU between the County and Plaintiffs' union for the period July 1, 2001, through June 30, 2006, similarly required that the County pay overtime wages only after the employee had actually worked the maximum number of regular hours.

84.    The current MOU also requires that the County pay overtime wages only after the employee has actually worked the maximum number of regular hours.

85.    Nevertheless, the County has in fact paid overtime wages to some or all of Plaintiffs for work performed by Plaintiffs after counting non-working hours (such as time on vacation, sick leave, or comp time) to reach the overtime threshold. Defendant has thus paid more than the law and the applicable MOU's have required for overtime, and Defendant is therefore entitled to an offset against any claim made by any Plaintiff in this action to the extent that such Plaintiff has received such excess payments.

<u>NINTH AFFIRMATIVE DEFENSE</u>

<u>OFFSET FOR EXCESS OVERTIME, 29 USC SEC. 207(h)</u>

86.    Defendant is entitled to an offset against any claims by Plaintiffs herein to the extent that Defendant has made overtime payments to any of the Plaintiffs in excess of the statutory minimum requirements pursuant to 29 USC Sec. 207(h).

<u>TENTH AFFIRMATIVE DEFENSE</u>

<u>INSUBSTANTIAL AND INSIGNIFICANT ACTIVITIES, 29 CFR 785.47</u>

87.    Pursuant to 29 CFR Sec. 785.47, the pre-shift and post-shift activities alluded to by Plaintiff are not required to be recorded and Defendant may disregard the time spent by Plaintiffs in such activities, because such time is insubstantial or insignificant and cannot as a practical administrative matter be precisely recorded for payroll purposes. The industrial reality with respect to such activities is that, on an industry-wide basis, law enforcement agencies routinely and customarily, under long-standing practices, have not compensated law enforcement employees for these activities. Typically, other law enforcement agencies as well as Defendant County give their

1  employees the choice of whether to change clothes and strap on equipment at home or at work.

2  The time taken by various employees in performing such activities can vary widely, from a few

3  seconds or minutes for employees who are focused on completing their preparations for work

4  quickly, to 10 or 15 minutes or more for employees who mix these activities with socializing or

5  who proceed in a leisurely manner. The flexibility in the location where these activities can be

6  performed, the essential ordinariness of the activities involved, and the ease with which they can be

7  completely quickly or mingled with other distractions make them insubstantial and insignificant.

8  ELEVENTH AFFIRMATIVE DEFENSE

9  WAIVER AND ESTOPPEL

10       88.     At all times relevant herein, Plaintiffs and each of them submitted time records to

11  Defendant without claiming time for the pre-shift and post-shift activities that they allege herein

12  and Plaintiffs and each of them failed to notify Defendant that they claimed to be entitled to

13  overtime based on their pre-shift and post-shift activities alleged herein. In addition, over the

14  years, Plaintiffs' union has negotiated numerous successive labor agreements with Defendant

15  County over issues relating to compensation and overtime and such agreements have included

16  provisions relating to uniform allowances above and beyond regular compensation. Nevertheless,

17  Plaintiffs and their union have not sought to bargain over the issue of compensation for pre-shift

18  and post-shift activities to be paid at their hourly rate, or the union has not pursued such an issue to

19  a resolution that led to an agreement on such compensation, even though this issue is clearly within

20  the scope of bargaining under state and federal law. Plaintiffs knew or should have known that the

21  issue of compensation for pre-shift and/or post-shift activities was an area that was within the

22  scope of bargaining and they could have raised it at any time in any of the labor negotiations.

23       89.     At all times relevant herein Defendant relied on Plaintiffs' apparent acceptance of

24  the Defendant's long-standing custom and practice of not compensating Plaintiffs for any of the

25  pre-shift and post-shift activities alleged or alluded to herein. Defendant was justified in assuming

26  that Plaintiffs accepted the long-standing custom and practice and in relying on that acceptance.

27       90.     Over the years, Defendant has arranged its financial affairs in reliance on Plaintiffs'

28

1  acceptance of the long-standing custom and practice on this issue. Plaintiffs' sudden assertion, at

2  this late date, that they are entitled to compensation for pre-shift and post-shift activities has placed

3  Defendant's financial affairs in jeopardy.

4       91.     Plaintiffs are therefore estopped to assert a claim for any monetary recovery based

5  on the allegations that they are entitled to compensation for pre-shift and post-shift activities, and

6  Plaintiffs have waived such claims for monetary recovery.

7  TWELFTH AFFIRMATIVE DEFENSE

8  LACK OF STANDING

9       92.     Defendant is informed and believes and thereon alleges that some of the Plaintiffs

10  lack standing to assert the claims alleged.

11  THIRTEENTH AFFIRMATIVE DEFENSE

12  FAILURE TO STATE CLAIM FOR RELIEF

13       93.     The Complaint fails to state a claim upon which relief may be granted against

14  Defendant County.

15  FOURTEENTH AFFIRMATIVE DEFENSE

16  FAILURE TO EXHAUST COLLECTIVE BARGAINING

17       94.     Plaintiffs have failed to exhaust their administrative remedies, in that Plaintiffs are

18  required to present each of the issues raised in their Complaint, to the County in the context of

19  labor negotiations – both as to the issue of compensation for pre-and post-shift activities and as to

20  the issue of including the longevity and performance stipend in overtime calculations, as well as to

21  the issue relating to compensatory time off – before seeking judicial relief.

22  FIFTEENTH AFFIRMATIVE DEFENSE

23  FAILURE TO EXHAUST GRIEVANCE PROCEDURE

24       95.     Plaintiffs have failed to exhaust their administrative remedies, in that each of the

25  issues raised in Plaintiffs' complaint is an issue that, under the current collective bargaining

26  agreement with the Defendant, Plaintiffs are required to submit to the grievance procedure, with

27  binding arbitration at the final stage.

28

1                          SIXTEENTH AFFIRMATIVE DEFENSE

2                      PLAINTIFFS BOUND BY TERMS OF CONTRACT

3          96.    Plaintiffs' union has entered into a collective bargaining agreement on behalf of

4    Plaintiffs. That agreement is currently in effect, with a term beginning on July 1, 2006, and ending

5    on June 30, 2009. Said agreement could have included specific provisions resolving each of the

6    claims made by Plaintiffs herein and giving Plaintiffs the benefits they seek in this judicial action.

7    Said agreement does not include any of the provisions sought by Plaintiffs in this lawsuit.

8    Plaintiffs are bound by the terms of the collective bargaining agreement and may not seek through

9    judicial action that which their union failed to obtain on their behalf through the collective

10   bargaining process.

11                        SEVENTEENTH AFFIRMATIVE DEFENSE

12                    REASONABLE AND GOOD FAITH RELIANCE ON

13                      COLLECTIVE BARGAINING AGREEMENT

14         97.    Plaintiffs' union has entered into a collective bargaining agreement (MOU) on

15   behalf of Plaintiffs. That agreement is currently in effect, with a term beginning on July 1, 2006,

16   and ending on June 30, 2009. Said agreement includes a provision that in effect defines "base

17   salary" or "base rate of pay" that does not include the longevity stipend or other additions to pay.

18   See the Master Contract, page 6 (Article 5, Wages). Section 5.1 of the Master Contract then

19   provides for the "longevity/Performance Stipend" as a percentage increment over the base salary.

20   Section 7 in Addendum A and Section 7 in Addendum B to that agreement then provide that "The

21   rate of overtime compensation shall be one and one half (1.5) times the employee's regular base

22   rate of pay...." Defendant has acted in a good faith reliance on this provision in calculating

23   overtime pay for Plaintiffs by excluding the longevity stipend and other increments to the base rate

24   of pay. Prior collective bargaining MOU's between the same parties include similar provisions on

25   these issues.

26

27

28

1      EIGHTEENTH AFFIRMATIVE DEFENSE

2      NO LEGAL OR EQUITABLE BASIS FOR RELIEF

3      98.    The issues relating to pre-shift and post-shift activities are issues that are properly

4  within the scope of bargaining, they are not susceptible to judicial resolution in that there are no

5  clear or objective standards that can enable a court to make legally justifiable decisions about the

6  time needed to complete these activities, the appropriate manner in which they should be

7  performed, and the appropriate form or amount of compensation, if any, to be paid.  In addition,

8  the financial impacts of giving compensation for these activities need to be considered in light of

9  an entire compensation package and in light of available funds, and the court is not in a position to

10  weigh such considerations.  Further, this is not a case in which the County is employing inequitable

11  means to extract work from employees without compensating them, and there is no crying need for

12  equitable intervention in this case.  The court should therefore abstain from resolving these issues

13  and leave these issues to be resolved by the parties in the collective bargaining process.

14

15      **COUNTERCLAIMS FOR DECLARATORY RELIEF AND**

16      **FOR REIMBURSEMENT OF OVERPAYMENT OF WAGES**

17      JURISDICTION

18      99.    The court has jurisdiction over the within counterclaims under 28 USC Sec. 1367,

19  in that the subject matter of these counterclaims is so related to the claims in the original action

20  filed by Plaintiffs that they form part of the same case or controversy under Article III of the United

21  States Constitution.

22      PARTIES

23      100.    Counterclaimant COUNTY OF MONTEREY ("COUNTY") is a political

24
   subdivision of the State of California.  COUNTY is a party to a collective bargaining agreement
25
   with Defendant DEPUTY SHERIFFS' ASSOCIATION OF MONTEREY COUNTY ("DSA").
26

27      101.    Counter-Defendant DSA is an employee organization formed to bargain collectively

28

on behalf of Deputy Sheriffs employed by Counterclaimant COUNTY, including all of the individual Plaintiffs in the original action filed herein.

102.    Counter-Defendants DANIEL J. MITCHELL, DAVID A. ALLRED, JOHN C. BAIRD, JOSEPH ANTHONY CHAFFEE, JOHN Di CARLO, EDWARD DURHAM, DENNIS ENGLISH, NELSON GARCIA, RUBEN A. GARCIA, DUSTIN HEDBERG, ALFRED JIMENEZ, TIM KREBS, RICHARD D. MATTHEWS, BRUCE MAUK, WILLIAM D. NAPPER, SHAWN O'CONNOR, DAVID R. RATTON, KENNETH A. RESOR, ROBERT Q. RODRIGUEZ, MICHAEL R. SHAPIRO, and GARY WHEELUS, and all others who may join the original action as Plaintiffs are or have been or claim to have been employees of the Monterey County Sheriffs' Department within the last three years.

<u>COUNTERCLAIM – COUNT ONE</u>

<u>MISTAKE AS TO BASE RATE OF PAY</u>

103.    COUNTY incorporates herein by reference paragraphs 99 through 102, as though fully set forth herein.

104.    In the year 2001, COUNTY negotiated a collective bargaining agreement with Counter-Defendant DSA. The parties memorialized this agreement in a Memorandum of Understanding (the "2001-06 MOU") which was to be effective for the period July 1, 2001, through June 30, 2006. DSA entered into this agreement for the benefit of its then current as well as future members, including all of the Plaintiffs and individual Counter-Defendants in this action. In paragraph 5.3 of the 2001-06 MOU, the parties agreed that wages set for Plaintiffs would be calculated from a benchmark wage established by averaging the wages for specified positions in three city police departments, including the City of Salinas.

105.    Subsequently, COUNTY obtained what it thought were the relevant wages from the three cities, calculated the wages for Plaintiffs based on the figures provided by the cities, and paid wages to Plaintiffs based on those calculations.

106.    Later still, COUNTY learned that the City of Salinas had provided figures that were incorrectly stated too high, causing the average of the three cities' wages to be incorrectly high. COUNTY has thus paid wages to the individual Plaintiffs/Counter-Defendants based on the incorrectly high figures.  The mistake was caused by the City of Salinas, COUNTY  was unaware that the initially provided figure was erroneous, and COUNTY was entitled to rely on the figure provided by Salinas.

107.    Some time before or after the COUNTY learned of the mistake made by the City of Salinas, COUNTY and DSA negotiated a new MOU, for the period July 1, 2006, through June 30, 2009 (the "2006-09 MOU").  In the 2006-09 MOU, the parties continued the wages that were set incorrectly high under the previous MOU, with percentage increases over the previous wages. Thus, under the MOU presently in effect, Defendant County has continued to pay wages to Plaintiffs under the incorrectly high calculations originally made under the 2001-06 MOU.

108.    COUNTY has not yet been able to ascertain the amount of the overpayments and requests leave to amend this Counterclaim when the same is ascertained.

109.    COUNTY reasonably relied on the information provided by Salinas and is without fault in the mistake that was made.  COUNTY is entitled to recover the overpayments of wages from the individual Plaintiffs and Counter-Defendants.

110.    COUNTY is entitled to a declaration that wages payable under the current 2006-09 MOU may be corrected to reflect the correct calculation of wages based on the correct benchmark.

### COUNTERCLAIM – COUNT TWO

### MISTAKE AS TO ACCUMULATING NON-WORKING HOURS FOR OVERTIME

111.    COUNTY incorporates herein by reference paragraphs 99 through 102, as though fully set forth herein.

112.    The Fair Labor Standards Act, 29 USC Sec. 207, requires that the COUNTY pay overtime wages only for hours worked after the employee has actually worked the maximum number of regular hours.

113.    Section 14 of the 2001-06 MOU between the COUNTY and Plaintiffs' union for the period July 1, 2001, through June 30, 2006, similarly required that the COUNTY pay overtime wages only after the employee had actually worked the maximum number of regular hours.

114.    The current 2006-09 MOU also requires that the COUNTY pay overtime wages only after the employee has actually worked the maximum number of regular hours.

115.    Nevertheless, the COUNTY has in fact, for over four years, paid overtime wages to some or all of Plaintiffs for work performed by Plaintiffs after counting non-working hours (such as time on vacation, sick leave, or comp time) to reach the overtime threshold.  COUNTY has not yet been able to ascertain the amount of the overpayments, and requests leave to amend this Counterclaim when those amounts are ascertained.

116.    Recently, in the year 2008, COUNTY discovered that Plaintiffs were being paid overtime based on the accumulation of non-working hours.  COUNTY has attempted to find out when, how and why these overpayments of overtime began and continued to occur.  At this point, COUNTY is informed and believes that this occurred when the COUNTY acquired a new computer program for payroll which included this provision for overtime pay without the COUNTY's knowledge or consent.

117.    Defendant has thus paid more than the law and the applicable MOU's have required for overtime. This occurred as a result of a mistake, for which the COUNTY is not at fault, and COUNTY is therefore entitled to recover any overpayments from the individual Plaintiffs' and Counter-Defendants.

118.    Defendant is further entitled to a declaration that the current MOU does not require the COUNTY to include non-working hours when determining eligibility for overtime pay.

**WHEREFORE**, this answering Defendant and Counterclaimant prays for judgment against Plaintiffs and Counter-Defendants as follows:

**ON PLAINTIFFS' COMPLAINT:**

1.    That Plaintiffs take nothing by their complaint.

2.    That this answering Defendant be awarded its costs of suit incurred herein.

3.    For such other and further relief as the Court deems just, proper, and equitable.

**ON COUNTY'S COUNTERCLAIMS:**

4.    For a declaration that wages payable under the current 2006-09 MOU may be corrected to reflect the correct calculation of wages based on the correct benchmark, with the amounts of such corrections to be determined according to proof.

5.    For an order authorizing COUNTY to obtain reimbursement of the resulting wage overpayments from the individual Plaintiffs, in amounts according to proof.

6.    For a declaration that the current MOU does not require the COUNTY to include non-working hours when determining eligibility for overtime pay.

7.    For an order authorizing COUNTY to obtain reimbursement of the overtime overpayments from the individual Plaintiffs, in amounts according to proof.

8.    For such other relief as the court deems just and proper.


DATED:   March 19, 2008.            Respectfully submitted,

                                    CHARLES J. McKEE
                                    County Counsel

                                    By _William K. Rentz_
                                    WILLIAM K. RENTZ
                                    Sr. Deputy County Counsel

                                    Attorneys for COUNTY OF MONTEREY
                                    Defendant and Counterclaimant


## DEMAND FOR JURY TRIAL

Pursuant to FRCivP Rule 38, Defendant and Counterclaimant demands a jury trial on all issues triable to a jury in this case.


DATED:   March 19, 2008.            Respectfully submitted,

                                    CHARLES J. McKEE
                                    County Counsel

                                    By _William K. Rentz_
                                    WILLIAM K. RENTZ
                                    Sr. Deputy County Counsel

                                    Attorneys for COUNTY OF MONTEREY
                                    Defendant and Counterclaimant


F:\RentzB\LIT\Mitchell\Pleadings\Answer to Complaint.wpd