1    DAVID P. MASTAGNI, ESQ. (SBN 57721)
     DAVID E. MASTAGNI, ESQ. (SBN 204244)
2    WILL M. YAMADA, ESQ. (SBN 226669)
     JAMES R. TRABER, ESQ. (SBN 248439)
3    JAMES B. CARR, ESQ. (SBN 53274)
     **MASTAGNI, HOLSTEDT, AMICK,**
4    **MILLER, JOHNSEN & UHRHAMMER**
     *A Professional Corporation*
5    1912 "I" Street
     Sacramento, California 95811
6    Telephone: (916) 446-4692
     Facsimile: (916) 447-4614
7
     Attorneys for Plaintiffs and
8    Counter-Defendants

9                    IN THE UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12   DANIEL J. MITCHELL, acting for himself )    Case No.: C 08-01166 JW
     and others similarly situated,         )
13                                          )    **NOTICE OF MOTION AND MOTION TO**
                          Plaintiffs,       )    **DISMISS DEFENDANT COUNTY OF**
14   v.                                     )    **MONTEREY'S COUNTER-CLAIMS**
                                            )
15   COUNTY OF MONTEREY,                    )    [FRCP, Rule 12(b)(6) and Rule 12(b)(1); Local
                                            )    Rule 7-2]
16                        Defendant.        )
                                            )    Date:              September 22, 2008
17                                          )
                                            )    Time:              9:00 a.m.
18   _____       )
                                            )    Courtroom No.:     8
19                                          )
     COUNTY OF MONTEREY,                    )    Judge:             Hon. James Ware
20                                          )
                          Counterclaimants, )
21                                          )
     v.                                     )
22                                          )
     DEPUTY SHERIFFS' ASSOCIATION OF )
23   MONTEREY COUNTY, a labor              )
     organization, and DAN MITCHELL, acting )
24   for himself and others similarly situated, )
     DAVID A. ALLRED, JOHN C. BAIRD,       )
25   JOSEPH ANTHONY CHAFFEE, JOHN          )
     DiCARLO, EDWARD DURHAM,               )
26   DENNIS ENGLISH, NELSON GARCIA,        )
     RUBEN GARCIA, DUSTIN HEDBERG,         )
27   ALFRED JIMENEZ, TIM KREBS,            )
     RICHARD D. MATTHEWS,                  )
28   (see next page)                       )

---

1   BRUCE MAUK, WILLIAM D. NAPPER,   )
    SHAWN O'CONNOR, DAVID R.       )
2   RATTON, KENNETH A. RESOR,       )
    ROBERT Q. RODRIGUEZ, MICHAEL R.  )
3   SHAPIRO, and GARY WHEELUS, and all  )
    other Plaintiffs who are now or may      )
4   hereafter be joined in this proceeding,    )
                                      )
5                     Counter-Defendants.   )
    _____)

6

7 **TO ALL PARTIES AND ATTORNEYS OF RECORD:**

8       **PLEASE TAKE NOTICE** that on September 22, 2008, at 9:00 a.m., or as soon thereafter as

9 counsel can be heard in Courtroom 8of the United States District Court, located at 280 South First

10 Street, San Jose, California 95113, the Plaintiff and Counter-Defendant, Daniel J. Mitchell, acting for

11 himself and others similarly situated, and the Counter-Defendant Deputy Sheriffs' Association of

12 Monterey County, a labor organization, will move this Court for an order dismissing Defendant County

13 of Monterey's Counterclaims for Declaratory Relief and Reimbursement of Overpayment of Wages,

14 pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the grounds that the Defendant County

15 of Monterey's Counterclaims fail to state facts sufficient to constitute any claims against the Counter-

16 Defendants Deputy Sheriffs' Association of Monterey County, a labor organization, and Plaintiff and

17 Counter-Defendant, Daniel J. Mitchell, acting for himself and others similarly situated, under federal

18 law and/or under any pendent state law claims or theories of recovery.

19       Said Motion to Dismiss will be made on the following grounds:

20                   **COUNTERCLAIM—COUNT ONE**

21       1.     The Counterclaim—Count One, for "mistake as to base rate of pay," fails to state

22 facts sufficient to state a claim upon which relief can be granted against the Plaintiff and Counter-

23 Defendant, Daniel J. Mitchell acting for himself and others similarly situated. [FRCP, Rule 12(b)(6)]

24       2.     The Counterclaim—Count One, for "mistake as to base rate of pay," fails to state

25 facts sufficient to state a claim upon which relief can be granted against the Counter-Defendant, the

26 Deputy Sheriffs' Association of Monterey County, a labor organization. [FRCP, Rule 12(b)(6)]

27       3.     The Counterclaim—Count One, for "mistake as to base rate of pay," fails to state

28 facts sufficient to state a claim upon which relief can be granted against the Plaintiff and Counter-

1    Defendant, Daniel J. Mitchell acting for himself and others similarly situated, because the Court lacks

2    jurisdiction over the subject matter of said Counterclaim.   [FRCP, Rule 12(b)(1)]

3        4.    The Counterclaim—Count One, for "mistake as to base rate of pay," fails to state facts

4    sufficient to state a claim upon which relief can be granted against the Counter-Defendant, the Deputy

5    Sheriffs' Association of Monterey County, a labor organization, because the Court lacks jurisdiction

6    over the subject matter of said Counterclaim.   [FRCP, Rule 12(b)(1)]

7    **COUNTERCLAIM—COUNT TWO**

8        5.    The Counterclaim—Count Two, for "mistake as to accumulating non-working hours

9    for overtime," fails to state facts sufficient to state a claim upon which relief can be granted against the

10   Plaintiff and Counter-Defendant, Daniel J. Mitchell acting for himself and others similarly situated.

11   [FRCP, Rule 12(b)(6)]

12       6.    The Counterclaim—Count Two, for "mistake as to accumulating non-working hours

13   for overtime," fails to state facts sufficient to state a claim upon which relief can be granted against the

14   Counter-Defendant, the Deputy Sheriffs' Association of Monterey County, a labor organization.

15   [FRCP, Rule 12(b)(6)]

16       7.    The Counterclaim—Count Two, for "mistake as to accumulating non-working hours

17   for overtime," fails to state facts sufficient to state a claim upon  which relief can be granted against

18   the Plaintiff and Counter-Defendant, Daniel J. Mitchell acting for himself and others similarly situated,

19   because the Court lacks subject matter jurisdiction over said Counterclaim.   [FRCP, Rule 12(b)(1)]

20       8.    The Counterclaim—Count Two, for "mistake as to accumulating non-working hours

21   for overtime," fails to state facts sufficient to state a claim upon  which relief can be granted against

22   the Counter-Defendant, the Deputy Sheriffs' Association of Monterey County, a labor organization,

23   because the Court lacks subject matter jurisdiction over said Counterclaim.   [FRCP, Rule 12(b)(1)]

24       The Motion to Dismiss will be based upon this Notice and Motion, the Supporting

25   Memorandum of Points and Authorities, items of which judicial notice have been requested, all papers

26   and pleadings on file, and upon any other evidence as may be presented at the hearing of this Motion

27   to Dismiss.

28   ///

1  Dated: June 6, 2008                    **MASTAGNI, HOLSTEDT, AMICK,**
                                          **MILLER, JOHNSEN & UHRHAMMER**

2

3                                         By:_____/s/___James B. Carr_____
                                             JAMES B. CARR
4                                            Attorneys for Plaintiffs/Counter-Defendants
                                             Dan Mitchell, et al., and for Counter-Defendant,
5                                            Deputy Sheriffs' Association of Monterey County

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DAVID P. MASTAGNI, ESQ. (SBN 57721)
     DAVID E. MASTAGNI, ESQ. (SBN 204244)
2    WILL M. YAMADA, ESQ. (SBN 226669)
     JAMES R. TRABER, ESQ. (SBN 248439)
3    JAMES B. CARR, ESQ. (SBN 53274)
     **MASTAGNI, HOLSTEDT, AMICK,**
4    **MILLER, JOHNSEN & UHRHAMMER**
     *A Professional Corporation*
5    1912 "I" Street
     Sacramento, California 95811
6    Telephone: (916) 446-4692
     Facsimile: (916) 447-4614
7
     Attorneys for Plaintiffs
8

9                    IN THE UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12   DANIEL J. MITCHELL, acting for himself  )   Case No.: C 08-01166 JW
     and others similarly situated,           )
13                                            )   **MEMORANDUM OF POINTS AND**
                                              )   **AUTHORITIES IN SUPPORT OF**
                        Plaintiffs,           )   **MOTION TO DISMISS DEFENDANT**
14   v.                                       )   **COUNTY OF MONTEREY'S**
                                              )   **COUNTER-CLAIMS**
15   COUNTY OF MONTEREY,                      )
                                              )   [FRCP, Rule 12(b)(6) and Rule 12(b)(1);
16                      Defendant.            )   Local Rule 7-9(b)]
                                              )
17                                            )   Date:              September 22, 2008
                                              )
18   _____       )   Time:              9:00 a.m.
                                              )
19   COUNTY OF MONTEREY,                      )   Courtroom No.:     8
                                              )
20                      Counterclaimants,     )   Judge:             Hon. James Ware
                                              )
21   v.                                       )
                                              )
22   DEPUTY SHERRIFS' ASSOCIATION OF          )
23   MONTEREY   COUNTY,  a  labor             )
     organization and DAN MITCHELL, acting    )
24   for himself and others similarly situated, )
     DAVID A. ALLRED, JOHN C. BAIRD,          )
25   JOSEPH ANTHONY CHAFFEE, JOHN             )
     DiCARLO, EDWARD DURHAM, DENNIS           )
26   ENGLISH, NELSON GARCIA, RUBEN A.         )
     GARCIA, DUSTIN HEDBERG, ALFRED           )
27   JIMENEZ, TIM KREBS, RICHARD D.           )
     MATTHEWS, BRUCE MAUK,                    )
28   (see next page)                          )

1  WILLIAM D. NAPPER, SHAWN                )
   O'CONNOR, DAVID R. RATTON,               )
2  KENNETH A. RESOR, ROBERT Q.              )
   RODRIGUEZ, MICHAEL R. SHAPIRO,           )
3  and GARY WHEELUS, and all other          )
   Plaintiffs who are now or may hereafter be )
4  joined in this proceeding,               )
                                            )
5                                           )
                   Counter-Defendants.      )
6  _____ )

7  **TO ALL PARTIES AND ATTORNEYS OF RECORD:**

8         The Plaintiff and Counter-Defendant, Daniel J. Mitchell, acting for himself and others similarly

9  situated, and the Counter-Defendant Deputy Sheriffs' Association of Monterey County, a labor

10 organization, hereby submit the following Memorandum of Points and Authorities in Support of their

11 Motion to Dismiss the Defendant County of Monterey's Counterclaims for Declaratory Relief and

12 Reimbursement of Overpayment of Wages.

13                                    **I.**

14                         **STATEMENT OF THE CASE**

15 **A.     Jurisdiction.**

16        This action was originated by the Plaintiffs, Daniel J. Mitchell, acting for himself and others

17 similarly situated, as a wage and hour claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et

18 seq., a federal statute (hereafter "FLSA").    The original complaint was filed on February 27, 2008.

19  Jurisdiction is proper for the Plaintiffs under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and this type

20 of "collective" action is authorized by the FLSA.   The Counter-Defendant, Deputy Sheriffs'

21 Association of Monterey County, a labor organization, is not a plaintiff in this FLSA complaint, and

22 it cannot bring a FLSA wage and hour suit on behalf of its membership in a representative or agency

23 capacity under the FLSA.

24        There is no basis for federal subject matter jurisdiction over Counter-Defendant, the Deputy

25 Sheriffs' Association of Monterey County, under the FLSA relating to these two counterclaims asserted

26 by the Counterclaimant, Monterey County.   In addition, it is the Plaintiffs and Counter-Defendants'

27 contention that the Court has no other subject matter jurisdiction under any other statute to adjudicate

28 a "contract" dispute under the Memorandum of Understanding (hereafter "MOU") that was previously

1   entered into between the County of Monterey (the employer) and the Deputy Sheriffs' Association of

2   Monterey County (a public employee labor organization), under California law. See: Cal. Government

3   Code § 3500 seq. (the Meyers-Milias-Brown Act).

4          Further, there is no basis for federal jurisdiction over the individual county employees who have

5   not yet "opted into" and consented to this FLSA action, who the Counter-Claimant, Monterey County

6   seeks to sue as individual defendants in its counterclaims.    Likewise, the County of Monterey is not

7   entitled, under California state law,  to sue the individual members of the  Deputy Sheriffs' Association

8   of Monterey County for alleged   "contract violations" and/or "recision" or "mistake" or

9   "reimbursement" of the terns of the MOU.   Cal. Government Code § 3500 seq. (the Meyers-Milias-

10  Brown Act).

11         The County of Monterey has improperly attempted to invoke the subject matter jurisdiction of

12  the District Court by bringing its counterclaims for revision of a contract mistake in the negotiation of

13  the base rate of pay in the MOU between the parties and the manner in which overtime pay hours were

14  determined under the MOU.   These are both "contract disputes" that must be negotiated under the

15  parties' duties of "meet and confer" pursuant to their collective bargaining agreement (MOU) under

16  state law.   Cal. Government Code  § 3500, et seq. (The Meyeres-Milias-Brown Act).  It is not a legal

17  issue that can be decided by the District Court under the guise of the FLSA.

18         Thus, it is the Plaintiffs and Counter-Defendants' contentions that this Court lacks subject

19  matter jurisdiction to determine and declare any "reimbursements" or "mistakes" of fact or law as to

20  the MOU collective bargaining agreement between the parties and/or to order any type of declaratory

21  relief relating to information (facts) relied upon by the County of Monterey in negotiating its MOU's

22  with the Plaintiffs and Counter-Defendants. Cal. Government Code § 3500 seq. (the Meyers-Milias-

23  Brown Act).   Therefore, there is no proper basis for federal jurisdiction over the counterclaims based

24  upon 28 U.S.C. § 1367, as pled by the County of Monterey.

25  **B.     Jurisdiction over Individual Plaintiffs.**

26         In addition, the Counterclaims are defective as to the individually named Counter-Defendants

27  because the County of Monterey has attempted to prematurely assert  its contract dispute claims against

28  its employees, who have not appeared as individual plaintiffs in this FLSA action and who may "opt-

1  in" to the FLSA action in the future.   (See: Counterclaim, Paragraph No. 102).   Each of these

2  individuals would have to be individually served with a summons and complaint regarding the

3  improper contract claims attempting to be asserted by the County of Monterey.   There is no personal

4  jurisdiction over these potential counter-defendants.  FRCP, Rule 12(b)(2).

5          To reiterate, it is the Plaintiffs and Counter-Defendants' position that these counterclaims

6  cannot be brought in this manner by the County of Monterey under the FLSA because only individual

7  employees can be plaintiffs under the FLSA, and because there is no subject matter or personal

8  jurisdiction properly asserted as a basis for these "contractual" counterclaims.   The basis for federal

9  jurisdiction over these MOU contract issues (alleged "claims") is not properly set forth or sufficiently

10 pled in the Counterclaim.    The Defendant's Counterclaim must contain a proper short and plain

11 statement setting forth a proper basis for federal jurisdiction over the "contract" claims set forth in the

12 Counterclaim.  FRCP Rule 8(a)(1).  When federal jurisdiction is based upon the presence of a federal

13 question, the claimant (counterclaimant)  must identify the Constitutional provisions, laws, or treaties

14 that create such jurisdiction.  28 U.S.C. § 1331.   The pleading must allege facts essential to show

15 jurisdiction and the claimant (counterclaimant) bears the burden of proving the existence of federal

16 jurisdiction.  *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189; *United States v.*

17 *Bustillos*, 31 F.3d  931, 933 (10th Cir. 1994).

18                                      **II.**

19                            **STATEMENT OF FACTS**

20 **A.      Original Complaint.**

21          The Plaintiff, Daniel Mitchell, acting for himself and others similarly situated filed this FLSA

22 wage and hour complaint on February 27, 2008, alleging that the County of Monterey did not properly

23 paid overtime wages to its deputy sheriff employees in violation of the FLSA.   (Complaint, paras. 2)

24  The case is brought as a "collective" action on their own behalf and on behalf of all others similarly

25 situated under 29 U.S.C. § 216, for damages, liquidated damages, a three year statute of limitations,

26 and costs and attorneys fees, as provided by statute.  (Complaint, Paras. 6-8, and 33)

27          The Plaintiffs have asserted that they were employed by the Defendant County of Monterey,

28 under the terms of an MOU (collective bargaining agreement) negotiated between the parties, as deputy

1  sheriffs and have performed work for the Counterclaim over the past three years and were required to

2  be paid overtime.   (Complaint Paras. 14-15, and 33)   They have alleged that they were required by

3  their employer to perform uncompensated pre-shift work and  post-shift work. (Complaint, Paras. 16-

4  25) In addition, the Plaintiffs have asserted claims for the impermissible exclusion of non-discretionary

5  bonuses, incentive pay, pay differentials, extra compensation, and their regular rate of pay which all

6  have effected their overtime compensation rates and pay.   Likewise, compensatory time off pay has

7  also been affected by these policies and practices.  (Complaint, Paras. 26–32)  It is alleged that the

8  Defendants past and current practices have done illegally, willfully and intentionally under the

9  applicable provisions of the FLSA. (Complaint, Paras. 33-41)

10        The Deputy Sheriffs' Association of Monterey County is a labor organization. It  is not a

11  plaintiff in this action.  This case has been filed under the FLSA as a "collective" action by the

12  individual employees, who must sign consents and opt-in to the litigation in order to share in any

13  monetary recovery.  This is not a representative action.  The Deputy Sheriffs' Association of Monterey

14  County is not a proper party to this FLSA action.  The Portal-to-Portal amendments to the FLSA bar

15  unions from bringing representative actions for employees who are union members.  *Arrington v.*

16  *National Broadcasting Company, Inc.,* 531 F. Supp. 498, 500 (DDC 1982).  The employee association

17  cannot be a party in this action.  *State of Nevada Employee's Association, Inc. v. Bryan*, 916 F. 2d.

18  1384, 1391-1392 (9th Cir 1990).

19  **B.      Monterey County Counterclaims.**

20        The counterclaims set forth in the Defendant's Answer to the Complaint (Paragraphs Nos. 99-

21  118), have been asserted by the Defendant employer against the  Deputy Sheriffs' Association of

22  Monterey County, a labor organization, as well as against the original plaintiff, Daniel J. Mitchell,

23  acting for himself and other similarly situated, and names David A. Allred, John C. Baird, Joseph

24  Anthony Chaffee, John Di Carlo, Edward Durham, Dennis English, Nelson Garcia, Ruben A. Garcia,

25  Dustin Hedberg, Alfred Jimenez, Tim Krebs, Richard D. Matthews, Bruce Mauk, William D. Napper,

26  Shawn O'Connor, David R. Ratton, Kenneth A. Resor, Robert Q. Rodriguez, Michael R. Shapiro and

27  Gary Wheelus, and "all others who may join the original action as Plaintiffs are or have been or claim

28  to have been employees of the Monterey County Sheriffs' Department within the last three years."

(Counterclaim, Paras. 101-102)

The counterclaims asserted by Defendant Monterey County are related to the MOU collective bargain agreement previously entered into by the parties. (See: Counterclaim, Paras. 104-107 and 113-118) The Defendant-Counterclaimant is requesting declaratory relief to correct "mistakes" based upon information it relied upon from a third party (the City of Salinas) to calculate a "benchmark wage" that was used in the MOU. (See: Count One) (Counterclaim, Paras. 103-110)   It is further seeking reimbursement of wages paid under the MOU resulting from the counting of non-working hours (such as vacation time, sick leave and compensated time off) in the determination of overtime pay. (See; Count Two) (Counterclaim, Paras. 111-118) (See: Count Two)

**1.    Count One (Mistake).**

This claim seeks the correction of an alleged mistake in the manner of calculating and paying overtime wages under the MOU.   This is a contract claim.  It is subject to meet and confer between the County and its employees and the inclusion of this claim has ignored the meet and confer process, required by the MOU.  Cal. Government Code § 3500 seq. (the Meyers-Milias-Brown Act).    There is no allegation that the County has "meet and conferred" over this contract issue and exhausted all administrative remedies.  Cal. Gov. Code § 3505.   It is fatally defective.  No copy of the MOU is attached or incorporated into the counterclaim.   The terms of the MOU provisions are not set forth in the counterclaim.

**2.    Count Two (Reimbursement).**

This claim seeks the reimbursement of wages already paid to its employees under the terms of the MOU and a declaration that overtime was paid based on the accumulation of non-working hours. Again, this is a contract bargaining  issue that is subject to the meet and confer and administrative remedies relating to the MOU.  Cal. Government Code § 3500 seq. (the Meyers-Milias-Brown Act). Again, no copy of the MOU provisions are attached or incorporated or set forth in the counterclaim. The County has not alleged that it has met and conferred over these contract issues and/or exhausted administrative remedies provided in the MOU.

Consequently, the facts set-forth in the Defendant's counterclaims fail to allege facts upon which relief can be granted to the Defendant-Counterclaimant.  These are contract (labor negotiation)

1    issues that have been improperly placed before the Court in this FLSA action. The Counterclaims are

2    improper and fail to state claims upon which any relief can be granted. Proper subject matter is

3    lacking, and there is no proper personal jurisdiction over the individually named counter-defendants

4    and/or over "unnamed" potential counter-defendants who may "opt-in" to this FLSA action in the

5    future.

**III.**

**LEGAL ARGUMENT**

**A.    Standard of Review.**

**1.    Failure to State a Claim.**

A party is entitled to bring a Motion to Dismiss under Federal Rules of Civil Procedure, Rule

12(b)(6), for failure to state a claim. Rule 12(b)(6) tests the legal sufficiency of a party's claim for

relief. A claim may be dismissed because it does not assert a cognizable theory of recovery as a matter

of law, or because it fails to allege facts sufficient to support a cognizable legal claim. *SmileCare*

*Dental Group v. Dental Plan of California*, 88 F. 3d 780, 783 (9th Cir., 1996)

On a Motion to Dismiss, the allegations of the Counterclaims must be accepted as true. *Cruz*

*v. Beto*, 405 U.S. 319, 322 (1972). The Court is bound to give the Plaintiff the benefit of every

reasonable inference to be drawn from any well-pleaded allegations in the FAC. *Retail Clerks Int'l*

*Ass'n v. Schermerhorn*, 373 U.S. 746, 753, n.6 (1963).

**2.    Lack of Jurisdiction.**

A claim (counterclaims) may also be dismissed for lack of jurisdiction on the grounds that the

District Court lacks the statutory authority to hear and decide the dispute on the basis that there is no

federal question at issue. Federal Rules of Civil Procedure, Rule 12(b)(1). A claim can be challenged

both facially and substantively. *White v. Lee*, 227 F. 3d 1214, 1242 (9th Cir. 2000); *Gould Elecs, Inc.*

*v. United States*, 220 F. 3d 169 (3rd Cir. 2000). On a facial challenge, the defendant contests the

adequacy of the language used in the pleading. *Turicentro, S.A. v. American Airlines, Inc.*, 303 F. 3rd

293, 300 n.4 (2002). On a substantive challenge, the defendant objects to the factual merits of the

asserted federal jurisdiction. *Ruiz v. McDonnell*, 299 F. 3rd 1173, 1179(10th Cir. 2002).

In federal question cases, the counter-claimant must demonstrate a non-frivolous claim based

1    upon federal law. *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *Janicki Logging Co. v. Mateer*,

2    42 F. 3d 561 (9th cir. 1994). The Defendant counter-claimant must also meet all statutory requirements

3    (prerequisites) for litigating a federal claim and exhaust all administrative remedies. *Jackson v. United*

4    *States*, 110 F. 3d 1484, 1486 (9th Cir. 1997); *Hart v. Department of Labor*, 116 F. 3rd 1338 (10th Cir.

5    1997).

6    **B.    Statutory Authority.**

7          **1.    The FLSA Controls Over MOU.**

8          The FLSA takes precedence over conflicting provisions that may be contained in the MOU.

9    The Collective Bargaining Agreement cannot supercede the Act, and the MOU cannot abridge the Act.

10   FLSA rights cannot be waived and the FLSA is independent of the remedies that may exist under the

11   MOU / CBA. *Martino v. Michigan Window Cleaning Co.*, 327 U.S. 173 (1946) The FLSA rights take

12   precedence over conflicting provisions in the MOU. *Barrentine v. Arkansas-Best Freight System, Inc*.,

13   450 U.S. 728 (1961)

14         The FLSA provides an independent claim (remedy), not dependent upon the terms of the MOU.

15   *Utility Workers v. Southern California Edison*, 83 F.3d 292 (9th Cir. 1996)  Likewise, if the employees

16   had filed both an FLSA lawsuit and a violation of contract suit, the Court will defer the contract claims

17   to the grievance procedure in the contract (MOU) while proceeding to hear the FLSA claims. *Summer*

18   *v. Howard University*, 127 F. Suppl 2d 27 (DDC, 2000).

19         **2.    Standing Under FLSA.**

20         Only individual employees have a right to sue for damages for violation under the FLSA.

21   *United Food & Commercial Workers Union, Local 1564 of New Mexico*, 207 F. 3rd 1193, 1200 (10th

22   Cir., 2000). Standing to sue under the FLSA is statutorily limited to employees only. There is no right

23   for the employer to sue under the FLSA for violations of the MOU, for "contract" mistakes and/or for

24   declaratory relief.  29 U.S. C. § 216(b). The County of Monterey lacks standing to bring its

25   counterclaims in this action. *Texton Lycoming Reciprocating Engine Division, AVCO Corp. v. UAW*,

26   523 U.S. 653 (1998)

27         **3.    No Federal Rights Under MOU.**

28         There are no federal rights involved in the MOU, which has been negotiated under California

1   law, not federal labor laws.  Cal. Government Code § 3500 seq.   The MOU was negotiated between

2   the parties under California State law, commonly known as the Meyers-Milas-Brown Act.  *Valencia*

3   *v. County of Sonoma* (2007) 158 Cal. App. 4th 644, 648.   When approved by the governing body of

4   Monterey County, the MOU became a binding agreement between the Deputy Sheriffs' Association

5   of Monterey County and Monterey County.  *Glendale City Employee's Association, Inc. v. City of*

6   *Glendale* (1975) 15 Cal. 3rd 328, 336.   Once signed, the MOU cannot be abrogated by public

7   referendum and is subject to the constitutional constraints on impairment of contracts. *Valencia*, supra

8   at 649.

9       **4.    No Jurisdiction for Declaratory Relief.**

10      The County of Monterey is not entitled to seek modification, revision or corrections to said

11  contract by means of a counterclaim for declaratory relief in the context of the Plaintiff's FLSA federal

12  collective action.  There is no basis for federal jurisdiction.   In addition, the County of Monterey has

13  a California law obligation to "meet and confer" in good faith regarding wages, hours, and other terms

14  and conditions of employment with the Deputy Sheriffs' Association of Monterey County, the

15  employee's union. Cal. Gov. Code § 3505.  The County of Monterey has not alleged any exhaustion

16  of its administrative remedies to "meet and confer" over the terms of the MOU.  As such, it has not

17  complied with California law and has no standing to bring or assert its contract modification

18  counterclaims in the context of this FLSA litigation collective action. *Jackson v. United States*, supra

19  1486; *Hart v. Department of Labor*, supra 1338.

20       In addition, there are no violations of the Labor Management Relations Action, § 301(a), 29

21  U.S.C. § 1985(a) that would confer any federal jurisdiction over this state law MOU contract dispute.

22  Cal. Government Code § 3500 seq.   There is no basis for federal subject matter jurisdiction, either

23  facially or substantively.  Thus, there is no standing on the part of the County of Monterey to assert any

24  basis for a declaratory relief action under, 28 U.S.C. § 1331, the Declaratory Judgment Act.

25      The operation of the Declaratory Judgment Act is procedural only.  *Skelly Oil Company v.*

26  *Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  The Declaratory Judgment Act only operates to

27  expand remedies and not jurisdiction.  *United Food & Commercial Workers*, supra at 1197.  In

28  addition, the right to sue for injunctive relief under the FLSA rests exclusively with the federal

1   government.  29 U.S.C. § 217; *Powell v. Florida*, 132 F. 3rd 677, 678 (11th Cir., 1998); *United Food &*

2   *Commercial Workers*, supra at 1197-1198.

3         Further the union, the Deputy Sheriffs' Association of Monterey County, is not a proper party

4   to sue for relief under the FLSA, and 28 U.S.C. § 1331 cannot confer jurisdiction on the union, nor can

5   it provide the employer, the County of Monterey,  with jurisdiction over the union for its counterclaims

6   under the theory that they arise under the FLSA. *United Food & Commercial Workers*, supra at 1201-

7   1202.  Also, this is not a counterclaim for violations of some other federal law applicable to the MOU.

8   *United Food & Commercial Workers*, supra at 1202.

9         Likewise, the Declaratory Judgment Act cannot be used to create jurisdiction where none exists

10  under the FLSA.  *Ibid,* at 1201-1202.  This is also not a case of Article III standing.  The union, the

11  Deputy Sheriffs' Association of Monterey County,  might qualify as being subject to the jurisdiction

12  of the Court under the case or controversy general constitutional law standard; however, this

13  organizational standing is rendered irrelevant (moot) in light of the specific statutory bar on

14  representative actions under the FLSA. *United Food & Commercial Workers*, supra at 1201-1202.

15  There is a statutory ban on jurisdiction against the union in this action, even if some of its members

16  have filed consents to be included in the FLSA collective action against Monterey County. See:

17  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*. (TOC), Inc., 528 U.S. 167;  *Lujan v. National*

18  *Wildlife Federation*, 497 U.S. 669.

19                                    **III.**

20                              **CONCLUSIONS**

21        Based upon the foregoing, the County of Monterey's counterclaims fail to state a claim upon

22  which relief can be granted, and there is no federal jurisdiction over these claims.

23

24  Dated: June 6, 2008                    **MASTAGNI, HOLSTEDT, AMICK,**
                                           **MILLER, JOHNSEN & UHRHAMMER**
25

26                                         By:_____/s/___James B. Carr_____
                                              JAMES B. CARR
27                                            Attorneys for Plaintiffs/Counter-Defendants
                                              Dan Mitchell, et al., and for Counter-Defendant,
28                                            Deputy Sheriffs' Association of Monterey County

1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   JAMES R. TRABER, ESQ. (SBN 248439)
3  JAMES B. CARR, ESQ. (SBN 53274)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811
6  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
7
   Attorneys for Plaintiffs and
8  Counter-Defendants

9                    IN THE UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12
   DANIEL J. MITCHELL, acting for himself  )    Case No.: C08-01166 JW
13  and others similarly situated,           )
                                             )    **[Proposed] ORDER GRANTING**
14                        Plaintiffs,         )    **MOTION TO DISMISS MONTEREY**
    v.                                        )    **COUNTY'S COUNTERCLAIMS**
15                                            )
    COUNTY OF MONTEREY,                       )    [FRCP, Rule 12(b)(6) and Rule 12(b)(1);
16                                            )    Local Rule 7-2 (c)]
                        Defendant.            )
17  _____  )
                                             )
18  COUNTY OF MONTEREY,                       )    Date:        September 22, 2008
                                             )
19                    Counterclaimants,       )    Time:        9:00 a.m.
                                             )
20  v.                                        )    Dept.:       8
                                             )
21  DEPUTY SHERRIFS' ASSOCIATION OF           )    Judge:       Hon. James Ware
    MONTEREY   COUNTY,   a   labor            )
22  organization and DAN MITCHELL, acting     )
    for himself and others similarly situated,)
23  DAVID A. ALLRED, JOHN C. BAIRD,           )
    JOSEPH ANTHONY CHAFFEE, JOHN              )
24  DiCARLO, EDWARD DURHAM, DENNIS            )
    ENGLISH, NELSON GARCIA, RUBEN A.          )
25  GARCIA, DUSTIN HEDBERG, ALFRED            )
    JIMENEZ, TIM KREBS, RICHARD D.            )
26  MATTHEWS, BRUCE MAUK, WILLIAM             )
    D.  NAPPER,  SHAWN  O'CONNOR,             )
27  DAVID R. RATTON, KENNETH A.               )
    RESOR, ROBERT Q. RODRIGUEZ, (see          )
28  next page)                                )
                                             )

---

ORDER GRANTING PLAINTIFFS' AND COUNTER-DEFENDANTS'            *Mitchell v. County of Monterey*
MOTION TO DISMISS MONTEREY COUNTY COUNTERCLAIMS              Case No. C08-01166 JW

1                                   )

MICHAEL R. SHAPIRO, and GARY )
WHEELUS, and all other Plaintiffs who are )
now or may hereafter be joined in this )
proceeding, )
                                   )
                 Counter-Defendants. )
                                   )
_____ )

Whereas Plaintiffs and Counter-Defendants' Motion to Dismiss the Monterey County Counterclaims contained in its Answer to the Complaint was heard before this Court on Monday, September 22, 2008 at 9:00 a.m., with James B. Carr appearing for Plaintiffs and Counter-Defendants and William K. Rentz appearing for Defendant and Counter-Claimant, and after consideration of the briefs and arguments of counsel, and all other matters presented to the Court:

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss the County of Monterey's Counterclaims set forth in its Answer to the Complaint is hereby granted without leave to amend.

DATED: _____

                                     _____
                                     Honorable James Ware
                                     United States District Judge