1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   JAMES R. TRABER, ESQ. (SBN 248439)
3  JAMES B. CARR, ESQ. (SBN 53274)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811
6  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
7
   Attorneys for Plaintiffs
8

9                    IN THE UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12  DANIEL J. MITCHELL, acting for himself  )   Case No.: C08-01166 JW
    and others similarly situated,          )
13                                          )   **PLAINTIFFS' NOTICE OF MOTION**
                          Plaintiffs,       )   **AND MOTION TO STRIKE**
14  v.                                      )   **DEFENDANT'S AFFIRMATIVE**
                                            )   **DEFENSES**
15  COUNTY OF MONTEREY,                     )
                                            )
16                        Defendant.        )   [FRCP Rule 12(f); Local Rule 7-2]
    _____     )
17                                          )   Date:       September 22, 2008
    COUNTY OF MONTEREY,                     )
18                                          )   Time:       9:00 a.m.
                          Counterclaimants, )
19                                          )   Dept.:      8
    v.                                      )
20                                          )   Judge:      Hon. James Ware
    DEPUTY SHERIFFS' ASSOCIATION OF         )
21  MONTEREY COUNTY, a labor                )
    organization and DAN MITCHELL, acting   )
22  for himself and others similarly situated, )
    DAVID A. ALLRED, JOHN C. BAIRD,         )
23  JOSEPH ANTHONY CHAFFEE, JOHN            )
    DiCARLO, EDWARD DURHAM, DENNIS          )
24  ENGLISH, NELSON GARCIA, RUBEN A.        )
    GARCIA, DUSTIN HEDBERG, ALFRED          )
25  JIMENEZ, TIM KREBS, RICHARD D.          )
    MATTHEWS, BRUCE MAUK, WILLIAM           )
26  D. NAPPER, SHAWN O'CONNOR,              )
    DAVID R. RATTON, KENNETH A.             )
27  RESOR, ROBERT Q. RODRIGUEZ,             )
    MICHAEL R. SHAPIRO, and GARY            )
28  WHEELUS, and all other Plaintiffs who are )

1 now or may hereafter be joined in this )
proceeding, )
2 )
   Counter-Defendants. )
3 _____ )

4 TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

5 Please take notice that on Monday, September 22, 2008 at 9:00 a.m., or as soon thereafter as counsel can be heard in Department 8 of the United States District Court, 280 South First Street, San Jose, California 95113, the undersigned will bring the following motion for hearing.

Plaintiff will, and hereby does move this Court to strike Defendant's fifth, seventh, eleventh, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth affirmative defenses asserted in Defendant County of Monterey's Answer. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Proposed Order filed herewith, the pleadings and papers on file to date in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: June 6, 2008

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

By:   /s/   James B. Carr
      JAMES B. CARR
      Attorneys for Plaintiffs/Counter-Defendants
      Dan Mitchell, et al., and for Counter-Defendant
      Deputy Sheriffs' Association of Monterey
      County

1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   JAMES R. TRABER, ESQ. (SBN 248439)
3  JAMES B. CARR, ESQ (SBN 53274)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811
6  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
7
   Attorneys for Plaintiffs
8

9                       IN THE UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11

12 DANIEL J. MITCHELL, acting for himself )   Case No.: C08-01166 JW
   and others similarly situated,          )
13                                         )   **PLAINTIFFS' POINTS AND**
                   Plaintiffs,             )   **AUTHORITIES IN SUPPORT OF**
14 v.                                      )   **MOTION TO STRIKE DEFENDANT'S**
                                           )   **AFFIRMATIVE DEFENSES**
15 COUNTY OF MONTEREY,                     )
                                           )
16                 Defendant.              )   [FRCP Rule 12(f); Local Rule 7-4]
                                           )
17 _____     )   Date:  September 22, 2008
   COUNTY OF MONTEREY,                     )
18                                         )   Time:  9:00 a.m.
                   Counterclaimants,       )
19                                         )   Dept.: 8
   v.                                      )
20                                         )   Judge: Hon. James Ware
   DEPUTY SHERIFFS' ASSOCIATION OF         )
21 MONTEREY COUNTY, a labor                )
   organization and DAN MITCHELL, acting   )
22 for himself and others similarly situated, )
   DAVID A. ALLRED, JOHN C. BAIRD,         )
23 JOSEPH ANTHONY CHAFFEE, JOHN            )
   DiCARLO, EDWARD DURHAM, DENNIS          )
24 ENGLISH, NELSON GARCIA, RUBEN A.        )
   GARCIA, DUSTIN HEDBERG, ALFRED          )
25 JIMENEZ, TIM KREBS, RICHARD D.          )
   MATTHEWS, BRUCE MAUK, WILLIAM           )
26 D. NAPPER, SHAWN O'CONNOR,              )
   DAVID R. RATTON, KENNETH A.             )
27 RESOR, ROBERT Q. RODRIGUEZ,             )
   MICHAEL R. SHAPIRO, and                 )
28 (see next page)                         )
                                           )
   _____)

1  GARY WHEELUS, and all other Plaintiffs )
   who are now or may hereafter be joined in )
2  this proceeding, )
                                            )
3                    Counter-Defendants.    )
   _____ )

## I.

## INTRODUCTION

Plaintiffs move to strike Affirmative Defenses asserted in Defendant County of Monterey's Answer filed March 19, 2008. Specifically, Plaintiffs move to Strike Defendant's fifth, seventh, eleventh, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth affirmative defenses. These defenses should be stricken because they are insufficient as a matter of law, fail to provide Plaintiffs sufficient notice of the defenses being asserted, and raise defenses not relevant to the facts and causes of action alleged in Plaintiffs' Complaint.

## II.

## STATEMENT OF FACTS

Plaintiffs are or were employed by Defendant County of Monterey since February 27, 2005. On February 27, 2008 Plaintiffs filed a Collective Action Complaint alleging Defendant improperly calculated Plaintiffs' "regular rate" of pay when computing overtime compensation and failed to properly compensate Plaintiffs for all work performed, including pre-shift and post-shift donning and doffing activities, in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq*. Plaintiffs' Complaint seeks the following: back pay for three years, liquidated damages, reasonable attorneys' fees and costs, injunctive relief, and a determination that Defendant's conduct was willful and not in good faith. On March 19, 2008, Defendant filed an Answer to Plaintiffs' Complaint setting forth eighteen (18) affirmative defenses.

## III.

## ARGUMENT

**A.  AFFIRMATIVE DEFENSES SHOULD BE STRICKEN WHERE THEY ARE INVALID AS A MATTER OF LAW OR FAIL TO PROVIDE NOTICE OF THE DEFENSE.**

This Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. Rule 12(f). A motion to strike affirmative

1  defenses should be granted where the "questions of law are clear and settled, and . . . under no
2  circumstances could the defense prevail." *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 (E.D. Cal.
3  1987) citing 5 C. Wright & A. Miller, Federal Practice and Procedure §§ 1381, at 795 (1969). A valid
4  motion to strike helps to avoid spending time and money on spurious issues before reaching trial.
5  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds, *Fogerty v.*
6  *Fantasy, Inc.* 510 U.S. 517 (1994)).    Accordingly, if a defense would confuse the issues and does not
7  constitute a valid defense in the action, it should be stricken. *FDIC, Supra* 655 F. Supp. at 263. A
8  defense is impertinent and should be stricken if it consists of matters that do not pertain to the issues
9  in question. *Fantasy, Inc., Supra*, 984 F.2d at 1527. Lastly, a defense may be immaterial and should
10 be stricken if it has no essential or important relationship to the claim for relief. *Ibid*.
11         Affirmative defenses must give the plaintiff "fair notice of the defense", including a short, plain
12 statement of the basis for the defense. *Qarbom.com Inc., v. Ehelp Corp.*, 315 F. Supp.2d. 1046, 1049
13 (N.D. Cal. 2004); *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The defense must
14 include more than a conclusory allegation. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d
15 1286, 1294-95 (7th Cir.1989); see also *Shechter v. Comptroller of the City of New York*, 79 F. 3d. 265,
16 270 (2nd Cir., 1996) (affirmative defenses that are conclusions of law unsupported by facts are
17 inadequate). Simply stating a defense as a doctrine or referring to a statutory provision is not fair notice
18 of the basis for a defense being asserted. *Qarbom.com Inc.*, 315 F. Supp.2d. at 1050. Defenses failing
19 to provide fair notice must be stricken. *Ibid*.
20
21 **B.    DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE MUST BE STRICKEN BECAUSE
          IT DOES NOT STATE A VALID DEFENSE TO AN FLSA ACTION AND DOES NOT**
22 **      PROVIDE FAIR NOTICE OF THE DEFENSE ASSERTED**
23         Defendant's Fifth affirmative defense states "Defendant has acted in good faith and on
24 reasonable grounds for believing that Defendant had not committed, was not committing, and is not
25 committing any violation of the Fair Labor Standards Act...". Defendant's affirmative defense does
26 not provide "fair notice" of the Defense to Plaintiffs. It is unclear what defense Defendant is asserting,
27 especially in light of the fact Defendant's Fourth Affirmative Defense already pleads "reliance on
28 written regulations...in good faith and in conformity with and in reliance on a written administrative

regulation, order, ruling, approval or interpretation...".

Plaintiffs are left to speculate that Defendant is effectively claiming its own ignorance of the law as an affirmative defense. This defense is legally insufficient, because even complete ignorance of the possible applicability of the Act will not shield the employer from liability for liquidated damages under the FLSA. *Coleman v. Jiffy June Farms*, Inc., 458 F.2d 1139 (5th Cir. 1972). Good faith requires some duty to investigate potential liability under the Act. *Barcellona v. Tiffany English Pub. Inc.,* 597 F.2d 464, 468 (5th Cir. 1979). Lack of good faith is demonstrated when an employer "knows, or has reason to know, that his conduct is governed by the (Act)." *Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir. 1974). Moreover, knowledge will generally be imputed to the offending employer. *Marshall v. A & M Consolidated Independent School District*, 605 F.2d 186 (5th Cir. 1979). This defense is unintelligible, does not constitute a valid defense under the FLSA, and fails to provide Plaintiffs with fair notice of the defense claimed. Thus, Defendant's Fifth Affirmative Defense should be stricken.

**C.  DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE MUST BE STRICKEN BECAUSE THE FLSA DOES NOT REQUIRE EXHAUSTION OF ADMINISTRATIVE REMEDIES OR PERMIT CONTRACTUAL ABROGATION OF FLSA RIGHTS**

1. <u>Estoppel is Not a Proper Defense to an FLSA Claim.</u>

Defendant's Eleventh Affirmative Defense is titled "Waiver and Estoppel". This defense claims Plaintiffs are estopped from asserting their rights to compensation for all hours worked under the FLSA because Plaintiffs "submitted time records to Defendant without claiming time for th pre-shift and post-shift activities that they allege herein and Plaintiffs and each of them failed to notify Defendant that they claimed to be entitled to overtime based on their pre-shift and post-shift activities alleged herein."

The FLSA requires <u>employers</u> to maintain records showing the "hours worked each workday" during each seven day workweek for three years. 29 C.F.R. §§ 516.2(7), 516.5(a). Where the <u>employer</u> has failed to keep accurate and adequate records of hours worked and the employee proves he has not been compensated for work done, the burden of proof shifts to the employer to rebut the estimate of hours worked by the employee. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-688 (1946) (superceded by statute on other grounds). There is no burden on an employee to keep or create records

showing the hours they worked. Thus, Defendant's Eleventh Affirmative Defense is immaterial, and should be stricken.

### 2. Plaintiffs' FLSA Rights Cannot Be Waived

Defendant's Eleventh Affirmative Defense also states "Plaintiffs knew or should have known that the issue of compensation for pre-shift and/or post-shift activities was an area that was within the scope of bargaining and they could have raised it at any time in any of the labor negotiations." This Defense appears to claim Plaintiffs have waived their rights to compensation for all hours worked under the FLSA because their representatives did not bargain for such compensation during prior labor negotiations. However, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Lee v. Flightsafety Servs. Corp.*, 20 F.3d 428, 432 (11th Cir.1994). *See also, Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945); *D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-116, 66 S.Ct. 925, 928, 929 (1946); *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42, 65 S.Ct. 11, 14, (1944); *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 577 578, 62 S.Ct. 1216, 1219, (1942) 29 CFR § 785.8. Neither Plaintiffs, nor their bargaining representatives, have the authority to waive their FLSA rights as a matter of law. Thus, Defendant's Eleventh Affirmative Defense must be stricken.

**D. DEFENDANT'S FOURTEENTH AND FIFTEENTH AFFIRMATIVE DEFENSES MUST BE STRICKEN BECAUSE PLAINTIFFS ARE NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO SEEKING JUDICIAL RELIEF**

Defendant's Fourteenth and Fifteenth Affirmative Defenses claim Plaintiffs failed to exhaust administrative remedies prior to filing suit. Defendant's Fourteenth Affirmative Defense claims "Plaintiffs have failed to exhaust their administrative remedies, in that Plaintiffs are required to present each of the issues raised in their Complaint, to the County in the context of labor negotiations...before seeking judicial relief." Defendant's Fifteenth Affirmative Defense states "Plaintiffs have failed to exhaust their administrative remedies, in that each of the issues raise in Plaintiffs' complaint is an issue that, under the current collective bargaining agreement with the Defendant, Plaintiffs are required to submit to the grievance procedure with binding arbitration at the final stage."

1  Defendant's Fourteenth and Fifteenth Defenses are immaterial and improper because Plaintiffs
2  are not required to exhaust administrative remedies prior to filing an FLSA action.  In *Barrentine v.*
3  *Arkansas-Best Freight System, Inc*., 450 U.S. 728, 101 S.Ct. 1437, 67 L. Ed.2d 641 (1981), the
4  Supreme Court held that a collective bargaining agreement cannot waive an individual's right to pursue
5  federal statutory remedies. Moreover, employees need not exhaust administrative remedies before
6  bringing an action under the FLSA . *Abbott v. Beatty Lumber Co.*, 90 Mich. App. 500, 282 N.W.2d 369
7  (1979), *citing Brooklyn Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "Had Congress intended to require
8  exhaustion when it enacted the [1974 amendments to the FLSA adding the Equal Pay Act], it would
9  have done so expressly as it did when it made similar amendments to Title VII. Nothing in the
10 legislative history suggests that the omission was an oversight." *Ososky v. Wick*, 704 F.2d 1264 (D.C.
11 Cir.1983).  Contrary to Defendant's assertion, Plaintiffs are not required to exhaust administrative
12 remedies through negotiations or submitting to an arbitration process before filing an FLSA claim.
13 Thus, Defendant's Fourteenth and Fifteenth Affirmative Defenses are immaterial, and should be
14 stricken.

15

16 **E.   DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE MUST BE STRICKEN BECAUSE PLAINTIFFS FLSA RIGHTS CANNOT BE ABROGATED BY CONTRACT**
17

18 Defendant's Sixteenth Affirmative Defense states "Plaintiffs are bound by the terms of the
19 collective bargaining agreement and may not seek through judicial action that which their union failed
20 to obtain on their behalf through the collective bargaining process."  However, Collective Bargaining
21 Agreements permitting pay practices below the standards of the FLSA do not authorize its violation.
22 "Any custom or contract falling short of that basic policy, like an agreement to pay less than the
23 minimum wage requirements, cannot be utilized to deprive employees of their statutory rights. In short,
24 the FLSA establishes statutory rights which may not be contracted away. As the Supreme Court has
25 stated, '... congressionally granted FLSA rights take precedence over conflicting provisions in a
26 collectively bargained compensation agreement.'" *Leahy v. City of Chicago,* 96 F.3d 228 (7th
27 Cir.1996)*; Quoting Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 740-41, 101 S.Ct.
28 1437, 1445, 67 L.Ed.2d 641 (1981). This affirmative defense directly contradicts existing law

1  establishing that FLSA rights cannot be contracted away through collective bargaining. Thus,
2  Defendant's Sixteenth Affirmative Defense should be stricken.

**F.  DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE MUST BE STRICKEN BECAUSE PLAINTIFFS' FLSA RIGHTS CANNOT BE ABROGATED BY CONTRACT**

Plaintiffs' Complaint alleges Defendant improperly excludes the "Longevity/Performance Stipend" paid to Plaintiffs from Plaintiffs' overtime rate in violation of 29 U.S.C.§ 207(e). Defendant's Seventeenth Affirmative Defense states the Collective Bargaining Agreement "includes a provision that in effect defines 'base salary' or 'base rate of pay' that does not include the longevity stipend or other additions to pay...Defendant has acted in a good faith reliance on this provision in calculating overtime pay for Plaintiffs by excluding the longevity stipend and other increments to the base rate of pay." However, Collective Bargaining Agreements which contain provisions below the standards of the FLSA do not legalize FLSA violations. "Any custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights.  In short, the FLSA establishes statutory rights which may not be contracted away. As the Supreme Court has stated, '... congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation agreement.'" *Leahy v. City of Chicago,* 96 F.3d 228 (7th Cir.1996)*; Quoting Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 740-41, 101 S.Ct. 1437, 1445 (1981). This defense directly contradicts existing law establishing that FLSA rights cannot be contracted away through collective bargaining.  Thus, Defendant's Sixteenth Affirmative Defense is immaterial and should be stricken.

**G.  DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE MUST BE STRICKEN BECAUSE OFF-THE-CLOCK WORK CLAIMS ARE SUSCEPTIBLE TO JUDICIAL RESOLUTION**

Defendant's Eighteenth Affirmative Defense states "[t]he issues relating to pre-shift and post-shift activities are issues that are properly within the scope of bargaining, they are not susceptible to judicial resolution in that there are no clear or objective standards that can enable a court to make legally justifiable decisions about the time needed to complete these activities, the appropriate manner

in which they should be performed, and the appropriate form or amount of compensation, if any, to be paid."

Issues regarding the compensability of pre-shift and post-shift work are routinely litigated pursuant to clear and objective standards established under the FLSA. *See, IBP, Inc. v. Alvarez*, 546 U.S. 21, 30-32, 126 S.Ct. 514, 521- 522 (finding time spent by slaughterhouse workers donning and doffing protective equipment compensable under the FLSA); *Steiner v. Mitchell,* (1956) 350 US 247, 256, 76 S.Ct. 330, 335 (Finding time spent by battery plant workers changing clothes at beginning of shift and showering at end compensable under the FLSA) *Lemmon v. City of San Leandro*, 2007 WL 4326743 (N.D. Cal.), 155 Lab. Cas. P 35,376 (finding time spent by Police Officers donning and doffing uniform and attendant equipment compensable under the FLSA.). Defendant's Affirmative Defense is inaccurate with respect to whether a court can decide the legal issue of whether Plaintiffs are entitled to compensation for pre-shift and post-shift work. Further, Defendant's concern that "there is no crying need for equitable intervention" is obviated by the fact Plaintiffs do not seek equitable relief. Thus, Defendant's Eighteenth Affirmative Defense is immaterial and should be stricken.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests this Court strike Defendant's fifth, seventh, eleventh, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth affirmative defenses asserted in its Answer.

Dated: June 6, 2008　　　　　　　　　　　　Respectfully Submitted,

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

By:　　/s/   James B. Carr
　　　JAMES B. CARR
　　　Attorneys for Plaintiffs/Counter-Defendants
　　　Dan Mitchell, et al., and Counter-Defendant
　　　Deputy Sheriffs' Association of Monterey County

1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   JAMES R. TRABER, ESQ. (SBN 248439)
3  JAMES B. CARR, ESQ. (SBN 53274)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811
6  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
7
   Attorneys for Plaintiffs
8

9                IN THE UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12 DANIEL J. MITCHELL, acting for himself  )   Case No.: C08-01166 JW
   and others similarly situated,          )
13                                         )   **[Proposed] ORDER GRANTING**
                        Plaintiffs,        )   **MOTION TO STRIKE DEFENDANT'S**
14 v.                                      )   **AFFIRMATIVE DEFENSES**
                                           )
15 COUNTY OF MONTEREY,                     )
                                           )   [FRCP Rule 12(f); Local Rule 7-2(c)]
16                      Defendant.         )
   _____ )   Date:          September 22, 2008
17                                         )
   COUNTY OF MONTEREY,                     )   Time:          9:00 a.m.
18                                         )
                        Counterclaimants,  )   Dept.:         8
19                                         )
   v.                                      )   Judge:         Hon. James Ware
20                                         )
   DEPUTY SHERIFFS' ASSOCIATION OF         )
21 MONTEREY COUNTY, a labor                )
   organization and DAN MITCHELL, acting   )
22 for himself and others similarly situated, )
   DAVID A. ALLRED, JOHN C. BAIRD,         )
23 JOSEPH ANTHONY CHAFFEE, JOHN            )
   DiCARLO, EDWARD DURHAM, DENNIS          )
24 ENGLISH, NELSON GARCIA, RUBEN A.        )
   GARCIA, DUSTIN HEDBERG, ALFRED          )
25 JIMENEZ, TIM KREBS, RICHARD D.          )
   MATTHEWS, BRUCE MAUK, WILLIAM           )
26 D. NAPPER, SHAWN O'CONNOR,              )
   DAVID R. RATTON, KENNETH A.             )
27 RESOR, ROBERT Q. RODRIGUEZ,             )
   MICHAEL R. SHAPIRO, and GARY            )
28 WHEELUS, and all other Plaintiffs who are )
                                           )
                                           )

---

ORDER GRANTING PLAINTIFFS'                          *Mitchell v. County of Monterey*
MOTION TO STRIKE AFFIRMATIVE DEFENSES               Case No. C08-01166 JW

1 | now or may hereafter be joined in this )
proceeding,                              )
2 |                                        )
                     Counter-Defendants.  )
3 | _____)

4  Whereas the Plaintiffs' Motion to Strike insufficient and/or immaterial defenses asserted in
5  Defendant's Answer to Plaintiffs' Complaint was heard before this Court on Monday, September
6  22, 2008 at 9:00 a.m., with James B. Carr appearing for Plaintiffs and William K. Rentz appearing
7  for Defendant, and after consideration of the briefs and arguments of counsel, and all other matters
8  presented to the Court:

9  **IT IS ORDERED** that Plaintiffs' Motion to Strike the Defendant's fifth, seventh, eleventh,
10 fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth Affirmative Defenses is hereby granted.

14 DATED: _____            _____
                                     Honorable James Ware
15                                   United States District Judge

---

ORDER GRANTING PLAINTIFFS'                          *Mitchell v. County of Monterey*
MOTION TO STRIKE AFFIRMATIVE DEFENSES    -2-         Case No. C08-01166 JW