1  CHARLES J. McKEE (SBN 152458)
   County Counsel
2  WILLIAM K. RENTZ (SBN 058112)
   Sr. Deputy County Counsel
3  Office of the County Counsel
   168 W. Alisal Street, 3rd Floor
4  Salinas, California  93901-2680
   Telephone:  (831) 755-5045
5  Facsimile:   (831) 755-5283
   rentzb@co.monterey.ca.us
6

7  Attorneys for COUNTY OF MONTEREY

8
9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12  DAN MITCHELL, acting for himself and          CASE NO.  C 08-01166 JW
    others similarly situated,
13                                                JOINT CASE MANAGEMENT
                    Plaintiffs,                   STATEMENT
14
    v.
15                                                [FRCP 26(f), CIV L.R. 16-9]
    COUNTY OF MONTEREY,
16                                                Date:   June 18, 2008
                    Defendant.                    Time:   2:30 p.m.
17  _____/              Dept.:  4
                                                  Judge:  Hon. James Ware
18  COUNTY OF MONTEREY,

19          Counterclaimant

20  v.

21  DEPUTY SHERIFFS' ASSOCIATION OF
    MONTEREY COUNTY, a labor organization,
22  and DAN MITCHELL, acting for himself and
    others similarly situated, DAVID A.
23  ALLRED, JOHN C. BAIRD, JOSEPH
    ANTHONY CHAFFEE, JOHN Di CARLO,
24  EDWARD DURHAM, DENNIS ENGLISH,
    NELSON GARCIA, RUBEN A. GARCIA,
25  DUSTIN HEDBERG, ALFRED JIMENEZ,
    TIM KREBS, RICHARD D. MATTHEWS,
26  BRUCE MAUK, WILLIAM D. NAPPER,
    SHAWN O'CONNOR, DAVID R. RATTON,
27  (see next page)

28

| | |
|---|---|
| 1 | KENNETH A. RESOR, ROBERT Q. RODRIGUEZ, MICHAEL R. SHAPIRO, and |
| 2 | GARY WHEELUS and all other Plaintiffs who are now or may hereafter be joined in this |
| 3 | proceeding, |
| 4 | Counter-Defendants |
| 5 | / |

6   The parties submit herewith their Joint Case Management Statement, as follows:

7   **1.   Jurisdiction and Service:**   The court has subject matter jurisdiction over Plaintiffs'
8   complaint, because it alleges causes of action under the Fair Labor Standards Act (FLSA), 29 USC
9   Secs. 201 et seq.. The parties further agree this case is properly venued in San Jose based upon 28
10  U.S.C. § 1391. All parties have been served with the Complaint and the Counterclaim.

11  Defendant contends this court has pendent jurisdiction over the Defendant's Counterclaims
12  because the counterclaims allege matters that would, if established, constitute an offset against any
13  damages that might be awarded in favor of Plaintiffs. Defendant believes that its counterclaims are
14  mandatory counterclaims and must be joined here or be lost. Plaintiffs reserve the right to challenge
15  Defendant's counterclaims based upon a lack of jurisdiction.

16  **2.   Facts:**   Plaintiffs are all deputy sheriffs who are employed by Monterey County in the
17  Monterey County Sheriff's office. Plaintiffs allege that they are required to perform off-the-clock pre-
18  shift and post-shift activities, including but not limited to: obtaining their post assignment, carrying
19  their duty gear to their workstation, receiving briefings, and equipping themselves with working
20  equipment before their shifts, and removing their working equipment after their shifts ("pre-shift and
21  post-shift activities"). Plaintiffs claim that the time they spend performing these activities should be
22  counted as compensable time and that the County does not compensate them for this time. Plaintiffs
23  allege that the County's failure to compensate them for the time they spend performing these activities
24  violates the FLSA.

25  Plaintiffs also claim that when the County computes the "regular rate" of pay on which
26  Plaintiffs' overtime pay is calculated, the County improperly excludes nondiscretionary bonuses,
27  incentive pays, pay differentials, extra compensations and/or premium pays, and longevity stipend.
28  Plaintiffs also claim that when the County cashes out Plaintiffs' compensatory time off, it does

so by improperly excluding the same additions to pay from the "regular rate" of pay used to compute the cash-out amount.

Defendants deny these allegations. Defendants also assert counterclaims which Defendants believe should offset any amounts otherwise owed to Plaintiffs on account of Plaintiffs' claims.

**3.    Legal Issues:**   The disputed points of law include but are not limited to the following:

   a.   Are the pre-shift and post-shift activities performed by plaintiffs integral and indispensable to Plaintiffs' principal activities, and thus compensable under the FLSA? 29 U.S.C. §§ 206, 207. *Steiner v. Mitchell*, 350 U.S. 247, 252-253 (1956)?

   b.   Under the facts of this case, does the FLSA, as interpreted in 29 CFR Sec. 553.221(b), Sec. 785.47, and Sec. 785.13, require the County to pay Plaintiffs for time spent performing pre-shift and post-shift activities?

   c.   Does 29 USC Sec. 254 exempt the County from paying for time spent performing pre-shift and post-shift activities?

   d.   Does 29 USC Sec. 203(o) exempt the County from paying for time spent performing pre-shift and post-shift activities?

   e.   Does the FLSA, 29 USC Sections 207(e) and (o), as interpreted in 29 CFR Sec. 553.27, require that the County include nondiscretionary bonuses, other incentive pays, pay differentials, extra compensation, premium pays, and the longevity stipend in Plaintiffs' "regular rate" of pay when computing overtime and compensatory time off cash-outs?

   f.   Does a two-year (29 USC Sec. 255(a)) or three-year statute of limitations apply to Plaintiffs' claims?

   g.   Is County on its counterclaim entitled to recover overpayments from Plaintiffs or, if Plaintiffs prevail on their off-the-clock work claim, are Plaintiffs entitled to overtime in light of the County's discretion under 29 USC Sec. 207(k) and 29 CFR Sec. 553.211 to set shift lengths?

   h.   Is County on its counterclaim entitled to recover overpayments from Plaintiffs or, if Plaintiffs prevail on any of their claims, is the County entitled to an offset for excess wages paid to Plaintiffs as a result of mistakes made by the City of Salinas in reporting its wage rates to the County for computation of Plaintiffs' wage rates?

i. Is County on its counterclaim entitled to recover overpayments from Plaintiffs or, if Plaintiffs prevail on any of their claims, is County entitled to an offset for excess overtime paid to Plaintiffs on account of non-working hours that were included in counting hours accumulated to meet the threshold for payment of overtime wages?

j. If Plaintiffs prevail on any of their claims, is County entitled to an offset for overtime paid to Plaintiffs in excess of the statutory minimum required by 29 USC Sec. 207(h)?

k. Did the Plaintiffs' bargaining agent waive any claim to pay for pre-shift and post-shift activities, inasmuch as the issue is within the scope of bargaining and the Plaintiffs' bargaining agent accepted the long-standing practice of not including pay for pre-shift and post-shift activities and failed to bargain for a change in that practice, and are plaintiffs, by accepting the benefits of their bargaining agents' inaction on this issue, estopped from demanding a retroactive change in the practice?

l. Did Plaintiffs' fail to exhaust their administrative remedies by failing to raise their claims for additional pay in collective bargaining meetings?

m. Did Plaintiffs' fail to exhaust their administrative remedies by failing to raise their claims for additional pay in a grievance?

n. Are Plaintiffs bound by the terms of their employment contract to accept the terms of payment as agreed on in the contract?

o. May Defendant seek and obtain affirmative monetary relief against the Plaintiffs on account of the excess payments previously made to Plaintiffs, as described above in claims for offsets?

p. Are Plaintiffs' entitled to liquidated damages and attorney's fees pursuant to 29 U.S.C. Section 216(b).

4. **Motions:**

*Plaintiffs' Statement*:

Plaintiffs have filed a motion to dismiss Defendant's Counter-Claims and a Motion to Strike certain affirmative Defenses pled in Defendant's Answer. Plaintiffs anticipate filing a motion to provide for facilitated notice to other similarly situated employees. Plaintiffs also anticipate filing a motion for summary judgment/adjudication which may resolve certain issues prior to trial.

*Defendant's Statement:*

Plaintiff has filed a motion to strike certain of Defendants' Affirmative Defenses and a motion to Dismiss the Counterclaim for failure to state claims for relief. These motions are currently set for hearing on September 22, 2008.

The parties will attempt to reach an agreed statement of facts relating to the pre-shift and post-shift activities claim, and it therefore possible that this claim may be resolvable on motions for summary judgment.

The claims relating to the exclusion of additions to pay may be amenable to resolution on motions for summary judgment. The necessary documentary evidence will be produced during initial disclosures and/or discovery and summary judgment motions may also be possible on these issues.

5. **Amendment of Pleadings:**

*Plaintiffs' Statement:*

Plaintiffs' anticipate that the parties will need to amend their pleadings. If Plaintiffs' motions to strike or dismiss are granted, Defendant will be required to amend its pleadings. Plaintiffs anticipate it may be necessary to file an amended Complaint to include a retaliation cause of action.

*Defendant's Statement:*

The Plaintiffs' motions to strike and dismiss, if granted in whole or in part, may result in amendments to the pleadings. Defendant does not anticipate amending pleadings otherwise.

6. **Evidence Preservation:**

*Plaintiffs' Statement:*

Plaintiffs have proposed the parties stipulate and agree to take appropriate steps to preserve evidence to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voicemails, and other electronically recorded material that may reasonably lead to the discovery of admissible evidence in this matter.

*Defendant's Statement:*

The parties anticipate no problems with regard to preservation of evidence.

7. **Disclosures:**

*Plaintiffs' Statement:*

Plaintiffs intend to make full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26. prior to the parties' Rule 26(f) conference.

*Defendant's Statement*:

The County intends to make full compliance with the intial disclosure requirements of Fed.R. Civ. P. 26 prior to the parties' Rule 26(f) conference. The County does not anticipate any difficulty in making disclosures, except to the extent that the issue of damages claimed by Plaintiffs may require extensive analysis and programming work on the County's computers, in order to capture all of the necessary information in a form that will be usable by the parties. Limiting the information to the Plaintiffs who are actually named or joined in the lawsuit will go a long way towards minimizing this problem, so long as the number of named plaintiffs remains small. Plaintiffs, however, have pled their complaint as if they were seeking damages for all deputies who have worked for the Sheriff's Department in the last three years.

**8. Discovery:**

The parties have not conducted discovery to date. Plaintiffs and Defendant agree to the following discovery plan as required by Fed. R. Civ. P. 26(f)(3):

(a) *Initial Disclosures*:

No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiffs will make initial disclosures prior to the scheduled date for the Rule 26(f) Case Management Conference.

(b) *Subjects of Discovery and Discovery Time Lines*:

Discovery should be completed by February 1, 2010. Discovery is anticipated to include, but is not necessarily limited to, the following subjects:

    i.    Whether, and if so, how often, Plaintiffs worked before and after shifts without compensation.

    ii.    The nature of such work.

    iii.    The number of shifts worked by each Plaintiff for the last three years.

    iv.    Each Plaintiff's "straight time" and overtime rate of pay.

*Mitchell et al. v. County of Monterey*, Case No C 08-01166 JW
**JOINT CASE MANAGEMENT STATEMENT**
- 6 -

|     |       |                                                                                                              |
|-----|-------|--------------------------------------------------------------------------------------------------------------|
| 1   | v.    | The amount of hours worked by each Plaintiff per pay period for the                                          |
| 2   |       | period three years prior to the filing of the Complaint until present.                                       |
| 3   | vi.   | All documents and opinions used by Defendant relating to                                                     |
| 4   |       | compliance with the FLSA.                                                                                    |
| 5   | vii.  | The names of personnel from the County of Monterey who have                                                  |
| 6   |       | knowledge about Defendant's, proceedings and practices concerning                                            |
| 7   |       | Defendant's compliance with the FLSA.                                                                        |
| 8   | viii. | The method used by Plaintiffs and Defendant to record Plaintiffs'                                            |
| 9   |       | hours of work.                                                                                               |
| 10  | ix.   | Whether Plaintiffs performed off-the-clock work.                                                             |
| 11  | x.    | The nature of the work for which Plaintiffs claim they were not                                              |
| 12  |       | compensated.                                                                                                 |
| 13  | xi.   | The amount of time Plaintiffs claim that they engaged in                                                     |
| 14  |       | uncompensated work.                                                                                          |
| 15  | xii.  | Defendant's policies and practices concerning correctional officers'                                         |
| 16  |       | uniforms and equipment.                                                                                      |
| 17  | xiii. | The identity of similarly situated employees.                                                                |

(c) *Electronically Stored Information*:

Data relevant to Plaintiffs' claims, including payroll data and/or data reflecting work performed by Plaintiffs may exist in an electronic format. Production of such data in an electronic format may be appropriate.

(d) *Attorney-Client Privilege and Work-Product Materials*:

No issues regarding Attorney-Client Privilege and Work-Product presently exist. Any such issues that may arise should be dealt with according to the Federal Rules of Civil Procedure.

(e) *Limitations on Discovery*:

The parties do not anticipate any limitations of discovery.

(f) *Other Orders*:

None at this time.

**9.  Class Actions:**

This case is not a class action as contemplated by Fed. R. Civ. P. 23. However, this is a collective action under 29 U.S.C. § 216(b) with approximately 24 plaintiffs opting in to this action to date.

**10.  Related Cases:**

The parties are unaware of any related cases or proceedings.

**11.  Relief:**

Plaintiffs seek unpaid compensation and interest thereon, plus an equal amount of liquidated damages. Plaintiffs further seek a determination that Defendant's conduct was not in good faith, thus entitling Plaintiffs to a three year statute of limitations, and liquidated damages. Plaintiffs further seek reasonable attorney's fees, costs, injunctive relief, and such other relief as the Court deems proper.

Defendant seeks a judgment dismissing Plaintiffs' action with prejudice and an award of its costs, expenses and attorneys' fees incurred. If Plaintiffs are entitled to judgment on their complaint, Defendant seeks an offset for all overpayments. On its counterclaim, defendant seeks an award of damages in the form or reimbursement of overpayments if overpayments exceed underpayments.

**12.  Settlement and ADR:**

*Plaintiffs' Statement:*

Plaintiffs are amenable to mediation provided through the Court's ADR Program. Plaintiffs have filed an ADR certification in accordance with Civil L.R.16-8 and ADR L.R.3-5(b). Plaintiffs' union is unable to settle Plaintiffs' individual claims.

*Defendant's Statement:*

Defendant is amenable to mediation provided through the Court's ADR Program. Defendant will promptly file its ADR certification.

**13.  Consent to Magistrate Judge For All Purposes:**

The County has already rejected assignment to a Magistrate Judge, and the case is now assigned to Judge Ware.

**14.  Other References:**

At this point, it does not appear that this case should be referred to binding arbitration, a

1 | special master, or the Judicial Panel on Multidistrict Litigation.

2 | **15.  Narrowing of Issues:**

3 | Issues may be narrowed or resolved by motion, as indicated above.

4 | **16.  Expedited Schedule:**

5 | At this time it does not appear that an this case can be handled on an expedited basis with
6 | streamlined procedures.

7 | **17.  Scheduling:**

8 |     a) The cutoff for designation for experts should be December 1, 2009.

9 |     b) The discovery cutoff should be February 1, 2010.

10 |     c) The last day for hearings on dispositive motions should be May 1, 2010.

11 |     d) The pretrial conference should be June 1, 2010.

12 |     e) Trial should commence July 1, 2010.

13 | **18.  Trial:**

14 | *Plaintiffs' Statement:*

15 | Defendant has demanded a trial by jury in this case. Plaintiffs estimate the trial will last
16 | between five and ten court days.

17 | *Defendant's Statement:*

18 | The County has requested a jury trial.

19 | **19.  Disclosure of Non-party Interested Entities or Persons:**

20 | The County has not yet filed its "Certification of Interested Entities or Persons" required by
21 | Civil Local Rule 3-16. The County has no such entities or persons to report and will promptly file
22 | the certification.

23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None.

Dated: June 13, 2008

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

By: /s/ *James R. Traber*
JAMES R. TRABER
Attorneys for Plaintiffs

Dated: June 13, 2008

CHARLES J. McKEE, COUNTY COUNSEL

By: /s/ *William K. Rentz*
WILLIAM K. RENTZ
Sr. Deputy County Counsel
Attorneys for Defendants

F:\WPWIN60\TXT\LIT\620 - Personnel Lit\Mitchell\PLEADINGS\Jt Case Mgmt Statmt Final.wpd