1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Dan Mitchell, et al.,                                   No. C 08-01166 JW

             Plaintiffs,                         **SCHEDULING ORDER**

   v.

County of Monterey,

             Defendant.
_____/

        Upon filing, this case was scheduled for a case management conference on June 23, 2008.
Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred
and duly submitted a Joint Case Management Statement and Proposed Order.  Based on their joint
submission, it appears that a schedule for the case can be set without the necessity of an appearance
at this time.

        In evaluating the date for the close of discovery proposed by the parties, the Court finds that
the interests of advancing this case were not served by setting a date later than September 21, 2009.
However, the Court sets an interim case management conference in which the parties shall be
prepared to discuss the progress of the case, including whether additional discovery is needed.
Accordingly, **the case management conference is vacated** and the parties are ordered to comply
with the following schedule:

1

**CASE SCHEDULE**

| Close of All Discovery (¶ 9) | September 21, 2009 |
|---|---|
| **Last Date for Hearing Dispositive Motions (¶ 10)** <br> *(≈60 days after the Close of All Discovery)* | **December 7, 2009** |
| **Preliminary Pretrial Conference at 11 a.m.  (¶ 12)** <br> *(≈30 days before the Close of All Discovery)* | **August 24, 2009** |
| **Preliminary Pretrial Conference Statements (¶ 11)** <br> *(Due 10 days before conference)* | **August 14, 2009** |
| **Interim Case Management Conference at 10 a.m.** | **June 22, 2009** |
| **Joint Statement for Interim Case Management Conference** | **June 12, 2009** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

**Standing Order to Lodge Printed Copy of "ECF" Papers**

1.     In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

**Compliance with Discovery Plan and Reference to Magistrate Judge**

2.     The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **Document Management During Pretrial Discovery and Electronic Evidence Presentation**

2    3.    This Court has available a digital and video electronic evidence presentation

3    system.  Before commencement of pretrial discovery, the parties are ordered to familiarize

4    themselves with the system, and to meet and confer about whether the case will involve voluminous

5    documentary.  If so, as the parties identify documentary material which is likely to be used as trial

6    exhibits, the parties are ordered to electronically store these materials in a fashion which will

7    facilitate displaying them electronically during the trial.  The parties are reminded that Civil L.R. 30-

8    2(b) requires sequential numbering of exhibits during depositions and that numbering must be

9    maintained for those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked

10   for identification.  All exhibits shall be marked with numerals.  The parties shall meet and confer on

11   a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;

12   Defendant #2: 300,000-500,000).

13   **Disclosure of Expert Witnesses**

14   4.    Any party wishing to present expert witness testimony with respect  to a

15   claim or a defense shall lodge with the Court and serve on all other parties the name, address,

16   qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days**

17   **before close of discovery.**  Expert witness disclosure must be made with respect to a person who is

18   either (a) specially retained or specially employed to provide expert testimony pursuant to

19   Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to

20   provide expert opinion testimony.

21   5.    The parties are also required to lodge any supplemental reports to which any

22   expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

23   6.    Any party objecting to the qualifications or proposed testimony of  an expert

24   must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in

25   writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH**

26   **EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**

27

28   3

1  **MOTION DAY) at  9:00 a.m.**  and preferably before or on the same day as the discovery cutoff

2  date at 9:00 a.m.

3  **Rebuttal Expert Witnesses**

4        7.      If the testimony of the expert is intended solely to contradict or rebut opinion

5  testimony on the same subject matter identified by another party, the party proffering a rebuttal

6  expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days**

7  **prior to discovery cutoff.**

8  **Limitation on Testimony by Expert Witnesses**

9        8.      Unless the parties enter into a written stipulation otherwise, upon timely

10  objection, an expert witness shall be precluded from testifying about any actions or opinions not

11  disclosed prior to the expert's deposition.  This is to ensure that all factual material upon which

12  expert opinion may be based and all tests and reports are completed prior to the expert deposition.

13  Unless application is made prior to the close of expert discovery, each party will be limited to

14  calling only one expert witness in each discipline involved in the case.

15  **Close of Discovery**

16        9.      Pursuant to Civil L.R. 26-2, all discovery, including supplemental

17  disclosure, depositions of fact witness and expert witnesses, must be completed on or before the

18  deadline set forth in the <u>Case Schedule</u> above.

19  **Last date for Hearing Dispositive Motions**

20        10.      The last day for hearing dispositive motions is set forth in the <u>Case Schedule</u>

21  above.  Any motions must be noticed in accordance with the Civil Local Rules of this Court.

22  **Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

23        11.      The attorneys who will try the case are ordered to confer with one another

24  and to file and lodge with Chambers on or before the deadline set forth in the <u>Case Schedule</u> above a

25  Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their

26  readiness for trial, the amount of time which the Court should allocate for trial and the calendar

27  period for the trial.

28  4

**United States District Court**
For the Northern District of California

1    12.    The attorneys who will try the case are ordered to appear on the date set in

2    the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

3    13.    With respect to the time allocation for trial, at the Preliminary Pretrial and

4    Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for

5    the trial of the case.  Once a stipulated allocation has been entered, the parties must plan their

6    presentations to conform to the stipulated time allocation.

7

8

9    Dated:  June 19, 2008

10   JAMES WARE
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Emilio Mastagni davidm@mastagni.com
David Philip Mastagni dmastagni@mastagni.com
James Byron Carr jcarr@mastagni.com
James Byron Carr jcarr@mastagni.com
James Richard Traber james@mastagni.com
Will M. Yamada wyamada@mastagni.com
William K. Rentz rentzb@co.monterey.ca.us

**Dated: June 19, 2008**                                  **Richard W. Wieking, Clerk**


                                                          **By: /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California

6