CHARLES J. McKEE (SBN 152458)
County Counsel
WILLIAM K. RENTZ (SBN 058112)
Sr. Deputy County Counsel
Office of the County Counsel
168 W. Alisal Street, 3rd Floor
Salinas, California 93901-2680
Telephone: (831) 755-5045
Facsimile:  (831) 755-5283
rentzb@co.monterey.ca.us

Attorneys for COUNTY OF MONTEREY

**IT IS SO ORDERED AS MODIFIED**
/s/ James Ware
Judge James Ware
1/25/2011

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAN MITCHELL, acting for himself and others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY,<br><br>                    Defendant.<br>_____/ | **CASE NO.:  C08-01166 JW**<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE DATES FOR TRIAL AND PRE-TRIAL CONFERENCE, AND FOR FILING IN LIMINE MOTIONS, PRE-TRIAL CONFERENCE STATEMENTS, AND JURY INSTRUCTIONS.**<br><br>Hearing Date: January 31, 2011<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. James Ware<br><br>Trial Date: March 22, 2011 |

Defendant, COUNTY OF MONTEREY, by and through their attorney of record herein, and Plaintiffs, DAN MITCHELL, et al, by and through their attorneys of record, stipulate as follows:

1.   The above-referenced action was brought under the Fair Labor Standards Act. There are twenty-two plaintiffs in this action; each alleging the county violated the FLSA by failing to properly compensate them over a period of approximately five years. The County's First Amended Answer sets forth nineteen affirmative defenses.

2. The case is presently set for a hearing on cross motions for summary judgment and partial summary judgment on January 31, 2011.

3. Defendant's motion consists of a notice of motion and points and authorities and 10 supporting declarations, with numerous pages of exhibits attached. This motion moves for summary judgment or partial summary judgment on 10 separate issues (one of which included 3 sub-issues for consideration in the ruling). Some of these issues are directed towards one, two, or three named plaintiffs. Other issues are directed towards all 22 of the plaintiffs.

4. Plaintiffs' motion seeks a resolution of a number of issues affecting some or all of the 22 of the plaintiffs in the case and requires a consideration of all the differing factual situations for these plaintiffs. These documents include declarations by 13 of the plaintiffs and numerous exhibits. The plaintiffs' motions include:

    A. Motion for Summary Judgment or Partial Summary Judgment of Plaintiffs' Second Cause of Action;

    B. Motion for Summary Judgment or Partial Summary Judgment of Defendant's Sixth Affirmative Defense.

    C. Motion for Summary Judgment or Partial Summary Judgment of Defendant's Nineteenth and Twentieth Affirmative Defense; and

    D. Motion for Summary Judgment or Partial Summary Judgment with regard to Plaintiffs' Claims for Uncompensated Jail Operations and Patrol Activities.

5. Beyond the January 31, 2011, hearing date for the motion for summary judgment, the following dates have been set by the court:

| Date | Event |
|---|---|
| 2/7/11 | File In limine motions, jury instructions, and pre-trial conference statement |
| 3/7/11 | Pre-trial conference |
| 3/22/11 | Jury trial |

6. The parties believe that a decision on the issues raised in the summary judgment motions will take sufficient time, such that it will be impracticable to comply with the above schedule. In addition, the parties believe that a decision on the issues raised in the summary

judgment motions will define a number of legal issues that will govern the case, will limit the issues that need to be tried, and will increase the likelihood that the case can be settled without the necessity of a trial.

7. Due to the complexity of the issues in this action, and the extensive Motions for Summary Judgment or Partial Summary Judgment filed on behalf of both Plaintiffs and Defendant in this case, the parties therefore request that, at the hearing on the motion for summary judgment, the court continue the dates above to a date to be set by the court, so as to allow sufficient time for settlement discussions to proceed before it becomes necessary to prepare for trial beyond what has already been done.

8. With the continuation of the above referenced dates, the parties and the court will have the appropriate time to deal with the complex issues in this case.

9. On September 9, 2010, the court set the current dates identified above, including the trial date. This was the court's first and only setting of a trial date. (Document 72).

Dated: January 20, 2011                Respectfully submitted,

                                       CHARLES J. MCKEE,
                                       County Counsel


                                       By: ___/s/ William K. Rentz_____
                                           WILLIAM K. RENTZ,
                                           ATTORNEYS FOR COUNTY OF
                                           MONTEREY

Dated: January 20, 2011                MASTAGNI HOLSTEDT AMICK
                                       MILLER & JOHNSEN


                                       By: ___/s/ David E. Mastagni_____
                                           DAVID E. MASTAGNI,
                                           ISAAC STEVENS,
                                           ATTORNEYS FOR PLAINTIFFS,
                                           DAN MITCHELL, et al

**ORDER**

GOOD CAUSE APPEARING, IT IS ORDERED:

The stipulation filed and agreed to by Defendant, County of Monterey and Plaintiffs, Dan Mitchell, et al, requesting the dates scheduled for trial, pre-trial conference, and for filing of in limine motions, jury instructions and pre-trial conference statements. is approved and the continuances requested are granted as follows:

1. The dates previously set for trial, pre-trial conference, and filing of in limine motions, jury instructions, and pre-trial conference statement are vacated. The Court shall set new dates for pre-trial filings, the Pre-Trial Conference and Trial in its Order addressing the parties' dispositive Motions, if necessary.

DATED: \_\_\_January 25\_\_\_, 2011

*James Ware*
JUDGE OF THE U.S. DISTRICT COURT