1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  JAMES B. CARR, ESQ. (SBN 53274)
   ISAAC S. STEVENS (SBN 251245)
3  **MASTAGNI, HOLSTEDT, AMICK,
   MILLER & JOHNSEN**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95811-3151
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8

9                        IN THE UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11

12  DANIEL J. MITCHELL, acting for himself  )    Case No.:  5:08-cv-01166-JW
    and others similarly situated,          )
13                                          )
                            Plaintiffs,     )    **STIPULATION REGARDING
14  v.                                      )    APPROVAL OF SETTLEMENT
                                            )    AGREEMENT AND DISMISSAL WITH
15                                          )    PREJUDICE AND [PROPOSED]
    COUNTY OF MONTEREY,                     )    ORDER THEREON**
16                                          )
                            Defendant.      )
17  _____

18                        <u>**STIPULATION**</u>

19  The parties to the above captioned action hereby stipulate as follows:

20        1.    Plaintiffs DANIEL J. MITCHELL, et al. (collectively "Plaintiffs") are presently or were

21  previously employed by the County of Monterey ("Defendant"). Plaintiffs and the Defendant shall be

22  collectively referred to as "Parties" herein.

23        2.    Plaintiffs filed the above-captioned action ("Action") on behalf of themselves and others

24  similarly situated alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

25  ("FLSA"). The Court has jurisdiction over the subject matter of this action and over the Parties.

26        3.    The Defendant filed an Answer to the Complaint denying its material allegations and

27  asserting affirmative defenses thereto.

28        4.    The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

5.     The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by experienced counsel.

6.     The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore reached an agreement. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") that all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein.

7.     Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. (See, e.g., *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).)

8.     However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. (*Id*. at p. 1353). By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determinations regarding the law.

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1.     The Settlement Agreement contains a fair and just negotiated resolution to the current dispute between the parties in this case;

2.     The Court should approve the Settlement Agreement by signing the Order set forth below;

3.     The Court should reserve jurisdiction over this Action for the purposes of enforcing the Settlement Agreement;

4.     Upon the Court's approval of the Settlement Agreement, this Action should be dismissed with prejudice.

Dated: November 22, 2011                          **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN**


                                                          ___*/s/ David E. Mastagni*___
                                                          By David E. Mastagni
                                                          Attorneys for Plaintiffs

1    Dated: November 22, 2011                    **OFFICE OF THE COUNTY COUNSEL**

2
                                                  ___ /s/ William K. Rentz ___
3                                                 By William K. Rentz
                                                  Attorneys for Defendant
4

5

6                                          [~~PROPOSED~~] ORDER

7           The Court has carefully reviewed the Settlement Agreement, the Stipulation and proposed

8    Order, and relevant Exhibits. Based upon a review of the record, and good cause appearing, IT IS

9    HEREBY ORDERED, ADJUDGED AND DECREED as follows:

10          1.      The Settlement Agreement, which is incorporated herein by reference, is approved as

11   fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement

12   Agreement in accordance with its terms;

13          2.      The Court reserves jurisdiction over this Action for the purposes of enforcing the

14   Settlement Agreement;

15          3.      The Court has made no findings or determination regarding the law, and this Stipulation

16   and Order and any exhibits and any of the other documents or written materials prepared in conjunction

17   with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of

18   the law;

19          4.      This Action is hereby dismissed with prejudice. The Clerk shall close this file.

20

21

22   Dated:  11/28/11

23                                                HONORABLE JAMES WARE
                                                  UNITED STATES DISTRICT COURT JUDGE
24

25

26

27

28

---

STIPULATION REGARDING APPROVAL OF SETTLEMENT                    MITCHELL v. COUNTY OF MONTEREY
AND [~~PROPOSED~~] ORDER                     3                   NDCA Case No. 5:08-cv-01166-JW

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
### Mitchell vs. County of Monterey
**U.S. District Court for the Northern District of California Docket No. C08-01166 JW**
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

### This Document is subject to Public Disclosure

This is an agreement between the COUNTY OF MONTEREY and the DEPUTY SHERIFFS' ASSOCIATION OF MONTEREY COUNTY, a labor organization, DAVE DUNGAN, and the following 22 plaintiffs:  DAVID A. ALLRED, JOHN C. BAIRD, DAVID BURNSIDE, JOSEPH ANTHONY CHAFFEE, BRYAN CLESTER, JOHN Di CARLO, EDWARD DURHAM, RUBEN A. GARCIA, JOAQUIN GONZALEZ, DUSTIN HEDBERG, ALFRED JIMENEZ, TIM KREBS, RICHARD D. MATTHEWS, BRUCE MAUK, DAN MITCHELL, WILLIAM D. NAPPER, SHAWN O'CONNOR, DAVID R. RAMON, KENNETH A. RESOP, ROBERT Q. RODRIGUEZ, MICHAEL R. SHAPIRO, and GARY WHEELUS.  Its date for reference purposes is September 30, 2011.

### Recitals

This agreement is made with reference to the following facts.

A.      On February 27, 2008, plaintiffs DAN MITCHELL, DAVID A. ALLRED, JOHN C. BAIRD, JOSEPH ANTHONY CHAFFEE, JOHN Di CARLO, EDWARD DURHAM, DENNIS ENGLISH, NELSON GARCIA, RUBEN A. GARCIA, DUSTIN HEDBERG, ALFRED JIMENEZ, TIM KREBS, RICHARD D. MATTHEWS, BRUCE MAUK, WILLIAM D. NAPPER, SHAWN O'CONNOR, DAVID R. RAMON, KENNETH A. RESOP, ROBERT Q. RODRIGUEZ, MICHAEL R. SHAPIRO, and GARY WHEELUS, filed in the U.S. District Court for the Northern District of California, San Jose Division, a complaint against MONTEREY COUNTY, case no. C08-01166 JW.  Subsequently, two of these plaintiffs dropped from the lawsuit, namely, DENNIS ENGLISH and NELSON GARCIA,  and three new plaintiffs joined, namely, DAVID BURNSIDE, BRYAN CLESTER, and JOAQUIN GONZALEZ.  All the plaintiffs are or were during the period applicable to their complaint employed by the County of Monterey in the Sheriff's Office.

B.      In their complaint, the plaintiffs sought damages for alleged violations of the Fair Labor Standards Act occurring and continuing to occur in the period from February 27, 2005, up through the date of trial or other disposition of the case.  In particular, the plaintiffs made the following claims:  (1) the County failed to correctly calculate the overtime rate of pay for the plaintiffs by omitting various stipends from the overtime rate calculation; (2) the County failed to pay the plaintiffs for the time they spent donning and doffing their uniforms and equipment; and (3) the County failed to pay the plaintiffs for the time they spent in other pre-shift and post-shift activities.  Based on these liability claims, Plaintiffs sought an award of back pay, liquidated damages, and a one-year extension of the statute of limitations.

- 1 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

     C     The County answered the complaint, generally denying the allegations, except that the County admitted that it had incorrectly calculated the overtime rate of pay. In addition, the County claimed that in other respects the County had paid more wages to the plaintiffs than was required by the Fair Labor Standards Act, and that the County was entitled to use those more generous payments to offset any shortfalls that might otherwise be found to exist. In addition, the County claimed that the FLSA overtime threshold applicable to the plaintiffs' claims was 86 hours actually worked in a two-week work period and that, measured against that overtime threshold, many if not all of the pre-shift and post-shift activities for which the plaintiffs claimed compensation occurred during the gap time and that the FLSA did not require compensation for these activities in the gap time. Finally, the County claimed that the plaintiffs who were sergeants were exempt from the FLSA's overtime requirements.

     D.     Subsequently, on motions for summary judgment, the court ruled that the time spent by plaintiffs donning and doffing uniforms and equipment was not compensable, and that the County had violated the FLSA with its incorrect calculation of the overtime rate of pay. The court deferred all other issues for a decision to be made at trial.

     E.     Meanwhile, on March 24, 2009, the MONTEREY COUNTY DEPUTY SHERIFFS' ASSOCIATION (MCDSA), the 22 Plaintiffs, and DAN MITCHELL, on behalf of himself and similarly situated employees in the Sheriff's Department, filed a grievance with the County. In this grievance, the grievants alleged that the County had failed to pay overtime compensation to grievants for all time actually worked in excess of eight hours in a day or grievants' regularly scheduled work shifts, whichever was greater. In addition, the grievants alleged that the County had failed to calculate their overtime rate of pay in accord with the FLSA. The grievants asserted that these failures violated the MOU between the DSA and the County. The County denied the grievance, and the grievants appealed, ultimately to arbitration. Arbitration has not been scheduled on this grievance, and the grievance is therefore still pending.

     F.     In addition, on April 6, 2009, the MCDSA and DAVE DUNGAN, on behalf of himself and similarly situated employees classified as District Attorney Investigators I, II and III, and Supervising District Attorney Investigators, filed a grievance with the County. In this grievance, the grievants alleged that the County and the Monterey County District Attorney's Office failed to pay overtime compensation to Grievants for all time actually worked in excess of eight hours in a day or grievants' regularly scheduled work shifts, whichever was greater. In addition, the grievants alleged that the County had failed to calculate their overtime rate of pay in accord with the FLSA. The grievants asserted that these failures violated the MOU between the DSA and the County. The County denied the grievance, and the grievants appealed, ultimately to arbitration. Arbitration has not been scheduled on this grievance, and the grievance is therefore still pending.

     G.     In an effort to resolve the issues raised in the lawsuit and the grievances, the parties have engaged in extensive negotiations regarding these matters. Throughout these negotiations all parties were and continue to be represented by counsel experienced in wage and employment matters.

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

H.     The parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based on their extensive negotiations, agreed to a settlement of these disputes. The parties understand that the potential recovery at trial remains unknown, but the parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain after a trial.

I.     The parties now desire to resolve all of the outstanding issues in the above-described lawsuit and grievances, and to that end, enter into this agreement.

<u>Terms</u>

NOW THEREFORE, the parties hereto agree, warrant, and represent as follows:

1.     **Resolution of past claims.** The following provisions address the claims and grievances arising in the past, up to and including the effective date of this settlement agreement:

a.     The County shall award to each of the 22 named plaintiffs who sign this agreement 16 hours of special paid leave in calendar year 2012 and 16 hours of special paid leave in calendar year 2013.

b.     (i) The County shall pay the total amount of $66,000 to the Plaintiffs who execute this agreement, to be divided among and distributed to the plaintiffs as provided below. This amount includes $33,000 as overtime wages for past work and $33,000 as liquidated damages pursuant to 29 USC Sec. 216(b). The parties understand the payments for overtime wages and the liquidated damages are not reportable to PERS or includable in PERS calculations.

(ii) The amount paid to each plaintiff shall be allocated ½ to wages and ½ to liquidated damages. Each plaintiff's specific share of this settlement (including the amount allocated to wages and the amount allocated to liquidated damages) is listed in a separate sheet attached to this Agreement as Exhibit A. Each plaintiff's signature on this Agreement constitutes an acknowledgment of his individual settlement amount, affirming that he accepts the amount as fair, just and reasonable.

(iii) The County will then distribute the appropriate amounts to the respective plaintiffs. The County will pay each plaintiff their amount in two separate checks, one check for liquidated damages and a second check for wages (included as back pay on the employee's regular payroll check, less the withholdings for that plaintiff).

c.     The County shall provide to all other sworn personnel in the Sheriff's Department 8 hours of special paid leave in calendar year 2012 and 8 hours of special paid leave in calendar year 2013, provided that such award shall go only to those who execute a waiver and release of all potential FLSA or MOU liability for all claims of the kind asserted in the above-described litigation and grievances arising up to and including the effective date of this

- 3 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

settlement agreement. A copy of the form for this waiver and release is attached hereto as Exhibit B.

        d.      The above settlement amounts represent the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, and any and all other damages and/or relief recoverable in the litigation and grievances, with the exception of attorneys fees and costs, for the full liability period applicable to the litigation and grievances.

        e.      The Mastagni firm will withdraw from representing any plaintiffs who fail to sign this agreement, if permitted by the court.

    2.    **Resolution of future claims.** The following provisions address and remedy any and all claims under the FLSA and MOU that after the effective date of this agreement, the plaintiffs and grievants may be entitled to compensation for pre-shift and post-shift activities of the sort alleged in the above-described litigation and grievances. The parties agree that the time spent in the kinds of pre-shift and post-shift activities alleged in the above described litigation and grievances is difficult to measure and is likely to vary from one day to the next and from one employee to the next. The parties agree that the following provisions are based on a fair and reasonable estimate of the time that would on average be taken for such activities.

        a.      All sergeants (except Sheriff's Investigative Sergeants) shall receive 16 hours per calendar year of special paid leave in exchange for all pre-shift and post-shift work during that year. When an employee is a sergeant for less than a year, the special leave time hours will be pro-rated to the nearest hour based on the number of months during which the employee is a sergeant.

        b.      All deputies who are regularly assigned to work inside the jail facility in any calendar year shall receive in each such year 8 hours of special paid leave or the straight-time pay equivalent, at the department's option, in exchange for all pre-shift and post-shift work during that year. This provision will not apply to deputies who are not regularly assigned to work inside the jail facility, such as those only working overtime in the jail and those who work regularly in transportation rather than in the jail facility itself. When a deputy is regularly assigned to work inside the jail facility for less than a year, the special leave time hours will be pro-rated to the nearest hour based on the number of months during which the deputy is assigned to work inside the jail facility.

    3.    **Time limit for taking leave.** The special leave awarded pursuant to paragraphs 1 and 2 shall be taken within the applicable year on a use it or lose it basis. It shall be taken at a time mutually agreed between the individual and his supervisors.

    4.    **Tax consequences.**

        a.      For the wage payment portion (one-half) of each plaintiff's settlement

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

amount, each plaintiff will have their particular amount reduced by applicable withholdings for state and federal taxes as listed on the subject plaintiff's W-4 form on file with the County as of the date of the wage payment. The County shall then withhold from each plaintiff's share allocated for wages the amounts required by law to be withheld in conformity with each plaintiff's IRS Form W-4 currently or most recently on file with the County at the time the payment is to be made. Plaintiffs who are no longer employed by the County may submit updated W-4 forms to the County before their amounts are withheld. The County shall then pay the amounts withheld to the state and federal governmental taxing authorities for the benefit of each plaintiff, and shall pay the balance remaining to the respective Plaintiffs.

　　　　　　　　b.　　　The parties believe that liquidated damages are not wages and that the liquidated damages paid to the plaintiffs pursuant to this Agreement are not subject to withholding but are taxable as part of the plaintiff's gross income. However, this statement of belief is not an opinion on which plaintiffs may rely, and plaintiffs are therefore encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the liquidated damage portion of their settlement amounts.

　　　　　　　　c.　　　Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal, state or local agency as required by law. The County will issue an IRS Form 1099 to each of the Plaintiffs in the amount of their respective liquidated damage amounts.

　　　　　　　　d.　　　Although the parties do not anticipate that the liquidated damages will be determined to be wages, if they are so determined, the plaintiffs will indemnify and hold the County harmless from any payments that would have been required to be withheld from the plaintiff's share. However, the County will pay on behalf of the plaintiffs any employer contributions that the County would have been required to pay, over and above those amounts that would have been deducted and withheld from the plaintiff's share. However, the parties' attorneys have looked at this issue regarding liquidated damages and both believe this will not become an issue based on their review of the law.

　　　　　　　　e.　　　This agreement states how the parties will themselves initially treat the consideration paid herein in order to comply with tax considerations that the parties believe are or may be applicable. The plaintiffs acknowledge that no one has made any promise, representation or warranty, express or implied, regarding the tax consequences that may be imposed by state or federal taxing authorities on any consideration paid pursuant to this Agreement.

　　　　5.　　**Advisory memo to personnel.** The Sheriff's Department shall issue a memo to all personnel stating that patrol officers shall be given adequate time to complete reports during their regular shift, and reminding all personnel that if on any occasion completing reports is not possible within the time normally allotted for writing reports, they must request permission to come in from the field early or permission to complete the reports on overtime or on a subsequent shift.

- 5 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

6.     **Election for exclusive representation.**  The County administration will cooperate with the MCDSA in arranging for an election to determine whether the MCDSA should be given exclusive representative status in accordance with the applicable rules in the County's Employer-Employee Relations Resolution.  Any disputes between the MCDSA and the County administration regarding this process shall be subject to mediation.

7.     **Attorneys fees and costs.**  The County will pay to Mastagni, Holstedt, Amick, Miller & Johnsen, tax identification number 94-2678460, the amount of $375,000.00, as payment for attorneys fees and costs incurred in connection with the above-described litigation and grievances.  Except as otherwise expressly provided herein, each party shall be responsible for the payment of their own costs, attorneys' fees, and all other expenses incurred in connection with the above-described litigation and grievances and any matter or thing relating to this agreement and the released claims.

8.     **Dismissal of litigation.**  Each of the plaintiffs will dismiss with prejudice the subject litigation and will withdraw or dismiss any other complaint, claim, grievance or charge for FLSA overtime compensation that he has filed against the County up to the date he executes this agreement.  In order to accomplish the dismissal of the litigation, counsel for the parties shall jointly execute, and the parties shall approve, the Stipulation and Order substantially in form of the stipulation and order attached hereto as Exhibit C.  The parties expressly consent to and authorize their counsel to execute the Stipulation and Order and to seek Court approval of the Stipulation and Order on their behalf.  The parties shall submit the Stipulation and Order to the Court at the earliest opportunity after all parties have fully completed an individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order.  Counsel shall prepare documentation as may be required by the Court.  If for any reason the Court declines to enter and approve the Stipulation and Order, the parties shall promptly meet and confer in good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

9.     **MCDSA support for settlement.**  The MCDSA will actively support this settlement agreement in communications with its members, and will assist in gathering signatures for the releases identified herein.  The MCDSA will not support any new grievances or actions against the County as to any matters related to this settlement, unless it be with respect to a claim that the County has not or is not complying with this settlement agreement.  The MCDSA will continue to support the validity of the agreements made herein.

10.     **Resolution of grievances.**  The parties hereto agree that this agreement resolves all issues in the grievances described in the Recitals, pars. E and F, and those grievances are hereby dismissed.

11.     **Acknowledgment of FLSA Notice.**  In entering into this Agreement, plaintiffs knowingly and voluntarily acknowledge, consent and agree to the "Notice to Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's "Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

58)," which provides as follows:

> "Your acceptance of back wages due under the Fair Labor Standards Act
> means that you have given up any right you may have to bring suit for such back
> wages under Section 16(b) of that Act. Section 16(b) provides that an employee
> may bring suit on his/her own behalf for unpaid minimum wages and/or overtime
> compensation and an equal amount as liquidated damages, plus attorney's fees
> and court costs. Generally a 2-year statute of limitations applies to the recovery of
> back wages. Do not sign this receipt unless you have actually received payment
> of the back wages due."

12. **Release of all claims.** In consideration of the covenants undertaken herein, the
releasing parties hereby irrevocably and unconditionally release the released parties from the
released claims.

     a.    "The releasing parties" include the MONTEREY COUNTY DEPUTY
SHERIFFS' ASSOCIATION, DAVID A. ALLRED, JOHN C. BAIRD, DAVID BURNSIDE,
JOSEPH ANTHONY CHAFFEE, BRYAN CLESTER, JOHN Di CARLO, EDWARD
DURHAM, RUBEN A. GARCIA, JOAQUIN GONZALEZ, DUSTIN HEDBERG, ALFRED
JIMENEZ, TIM KREBS, RICHARD D. MATTHEWS, BRUCE MAUK, DAN MITCHELL,
WILLIAM D. NAPPER, SHAWN O'CONNOR, DAVID R. RAMON, KENNETH A. RESOP,
ROBERT Q. RODRIGUEZ, MICHAEL R. SHAPIRO, GARY WHEELUS and DAVE
DUNGAN, and their agents, assigns, successors-in-interest, and any other person acting by,
through, under or in concert with any of them.

     b.    "The released parties" include the COUNTY OF MONTEREY and all of
its departments, officers, employees, attorneys and agents and any other person acting by,
through, or in concert with them.

     c.    "The released claims" include any and all claims, charges, complaints,
allegations, and causes of action for compensation, damages, injunctive relief, declaratory relief,
costs, attorneys fees or any other form of relief of any nature whatsoever, whether the existence,
nature or extent of the released claim is known or unknown, suspected or unsuspected, which the
releasing parties have or might have, or which the releasing parties at any time heretofore had or
might have had, claimed to have or may claim to have against the released parties arising in, or in
connection with, or out of the litigation described above and any such claim arising in, or in
connection with, or out of the grievances described above.

13. **Waiver of CC Sec. 1542.** Each releasing party expressly waives and relinquishes
any and all rights and benefits afforded by California Civil Code Section 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or
> suspect to exist in his favor at the time of executing the release, which if known
> by him must have materially affected his settlement with the debtor."

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

Each of the releasing parties hereby expressly waives the provisions of California Civil Code Section 1542, and each party further expressly waives any right to invoke said provisions now or at any time in the future with respect to the released claims.

14.     **Unanticipated consequences.** The parties recognize and acknowledge that factors which have induced them to enter into this Agreement may turn out to be incorrect or to be different from what they had previously anticipated, and the parties hereby expressly assume any and all of the risks thereof and further expressly assume the risks of waiving the rights provided by California Civil Code Section 1542.

15.     **No admissions.** This Agreement affects claims and demands which are disputed, and by executing this Agreement, no party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each party expressly denies liability for any and all claims and demands made in the subject litigation and grievances. Neither this Agreement nor any part of this Agreement shall be construed to be an admission of by any party of any violation of law or of any lack of conformity with the FLSA, nor shall this agreement nor any part of it be admissible in any proceeding as evidence of such an admission. This document may be introduced in a proceeding to enforce the terms of this agreement.

16.     **Warranty of non-assignment.** The parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

17.     **No unwritten representations.** Each party represents that in executing this Agreement, the party does not rely upon and has not relied upon any representation, promise, or statement not expressly contained herein.

18.     **Complete agreement.** This Settlement Agreement and General Release is the complete agreement between the parties and supersedes any prior agreements or discussions between the parties.

19.     **California and federal law.** This Agreement is executed and delivered in the State of California, and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with the laws of the State of California and to the extent necessary in accordance with federal law.

20.     **Interpretation and construction.** Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the party or parties preparing this document or the documents referred to herein, on the understanding that the parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein or have had equal opportunity to do so. This Agreement has been arrived at through negotiation and none of the parties is to be deemed the party which prepared this agreement or caused any uncertainty to exist within the meaning of Civil Code Section 1654. The headings used herein are for reference only and shall not affect the construction of the Agreement.

- 8 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

21.    **Breach, waiver and amendment.**  No breach of the Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Agreement.   This agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the parties hereto or their authorized representatives.

22.    **Exhibits.**  The following exhibits are attached hereto and incorporated by reference:

A.    List of shares allocated to each plaintiff.

B.    Form:  waiver and release by non-plaintiffs.

C.    Stipulation and Order Approving Settlement and Dismissing Case.

23.    **Agreement does not establish precedent.**  The parties agree that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis by the parties to seek or justify similar terms in any subsequent case and it may not be used by anyone else to seek or justify similar terms in any subsequent case.

24.    **Authority to execute.**  Each party hereto warrants to the other parties that he has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

25.    **Counterparts.**  This Agreement may be executed by the parties in any number of counterparts, all of which taken together shall be construed as one document.

26.    **Effective date.**  The effective date of this Agreement shall be the date the last signatory executes this Agreement.

27.    **Duty to act in good faith.**  The parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed.  The parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

28.    **Binding on successors and assigns.**  This Agreement and all documents referred to herein shall bind and inure to the benefit of each of the parties hereto, their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors and assigns.

- 9 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

29.   **No third party beneficiaries.** Except as expressly provided herein, this Agreement is not for the benefit of any person not a party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby.  The Agreement is not intended to constitute a third party beneficiary contract.

30.   **Time of the essence.** Time is of the essence in this Agreement.

31.   **Time for performance.**

a.   Payment of the $66,000 (less withholdings) settlement amount to the Plaintiffs shall occur not later than 45 calendar days after the Court approves this agreement and files its order dismissing the litigation.  Notwithstanding anything in ths Agreement, no sum will be paid to any plaintiff who has not signed, dated, and provided a current mailing address on a signature page to this Agreement.

b.   The payment to the Mastagni law firm shall occur not later than 45 calendar days after the court approves the Agreement and files its order dismissing the actions as provided herein.

32.   **Public Records Act disclosure.** The parties understand and acknowledge that the COUNTY may be legally required under the provisions of the California Public Records Act or other applicable state or federal law to disclose a copy of this Agreement to a member of the public, or to another governmental agency, if a specific request is properly made pursuant to the California Public Records Act or other applicable state or federal law.  This Agreement shall not impair any such legal obligation that the Department and COUNTY may have to disclose this Agreement.

33.   **Agreement signed knowingly and voluntarily after consult with counsel.** Plaintiffs and the County understand and agree to this settlement Agreement and to the terms and conditions contained herein and enter into this Agreement knowingly and voluntarily.  Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice.  The parties have investigated the facts pertaining to this settlement Agreement and all matters pertaining thereto as deemed necessary.  The parties have relied on their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms.  By signing this document and the documents referred to herein, the parties signify their full understanding, agreement, and acceptance of the Agreement and the Stipulation and Order attached as Exhibit C.

34.   **Savings Clause.** If any term, condition, provision or part of this Agreement is determined to be invalid, void or unenforceable for any reason, the remainder of this Agreement will continue in full force and effect.

<u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE**</u>
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

        **PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS
SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF
ALL KNOWN AND UNKNOWN CLAIMS.**

DATED:  11/8         , 2011.

DAVE DUNGAN
Mailing address:

DATED:  _____, 2011.

DAVID ALLRED
Mailing address: _____

DATED:  10-20   , 2011.

JOHN C. BAIRD
Mailing address:

DATED:  10-27   , 2011.

DAVID BURNSIDE
Mailing address:

DATED:  10·21   , 2011.

JOSEPH A. CHAFFEE
Mailing address:

DATED:  11/8   , 2011.

BRYAN CLESTER
Mailing address:

DATED:  11/8   , 2011.

JOHN DiCARLO
Mailing address:

- 11 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

## PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

DATED: _____, 2011.

DAVE DUNGAN
Mailing address: _____

DATED: _November 9_, 2011.

DAVID ALLRED
Mailing address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

DATED: _____, 2011.

JOHN C. BAIRD
Mailing address: _____

DATED: _____, 2011.

DAVID BURNSIDE
Mailing address: _____

DATED: _____, 2011.

JOSEPH A. CHAFFEE
Mailing address: _____

DATED: _____, 2011.

BRYAN CLESTER
Mailing address: _____

DATED: _____, 2011.

JOHN DiCARLO
Mailing address: _____

- 11 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _11/10_____, 2011.

EDWARD DURHAM
Mailing address: ████████████████

DATED: _____, 2011.

RUBEN A. GARCIA
Mailing address: _____

DATED: _10·20_____, 2011.

JOAQUIN GONZALEZ
Mailing address: ████████████████

DATED: _10/27_____, 2011.

DUSTIN HEDBERG
Mailing address: ████████████████

DATED: _10-20_____, 2011.

ALFRED JIMENEZ
Mailing address: ████████████████

DATED: _10-31-_____, 2011.

TIM KREBS
Mailing address: ████████████████

DATED: _11/8_____, 2011.

RICHARD MATTHEWS
Mailing address: ████████████████

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _____, 2011.

_____
EDWARD DURHAM
Mailing address: _____
_____

DATED: _____, 2011.

_____
RUBEN A. GARCIA
Mailing address ████████████████████
████████████████████████████████

DATED: _____, 2011.

_____
JOAQUIN GONZALEZ
Mailing address: _____
_____

DATED: _____, 2011.

_____
DUSTIN HEDBERG
Mailing address: _____
_____

DATED: _____, 2011.

_____
ALFRED JIMENEZ
Mailing address: _____
_____

DATED: _____, 2011.

_____
TIM KREBS
Mailing address: _____
_____

DATED: _____, 2011.

_____
RICHARD MATTHEWS
Mailing address: _____
_____

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _10/3/_, 2011.

_Bruce Mauk_
BRUCE MAUK
Mailing address: ██████████████

DATED: _____, 2011.

_____
DAN MITCHELL
Mailing address: _____
_____

DATED: _____, 2011.

_____
WILLIAM D. NAPPER
Mailing address: _____
_____

DATED: _____, 2011.

_____
SHAWN O'CONNOR
Mailing address: _____
_____

DATED: _____, 2011.

_____
DAVID R. RAMON
Mailing address: _____
_____

DATED: _____, 2011.

_____
KENNETH A. RESOP
Mailing address: _____
_____

DATED: _____, 2011.

_____
ROBERT Q. RODRIGUEZ
Mailing address: _____
_____

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _____, 2011.

_____
BRUCE MAUK
Mailing address: _____
_____

DATED: _10/27___, 2011.

_____
DAN MITCHELL
Mailing address ▮▮▮▮▮▮▮▮▮▮

DATED: _10-27___, 2011.

_____
WILLIAM D. NAPPER
Mailing address: ▮▮▮▮▮▮▮▮▮

DATED: _10/20___, 2011.

_____
SHAWN O'CONNOR
Mailing address: ▮▮▮▮▮▮▮▮▮

DATED: _10-26___, 2011.

_____
DAVID R. RAMON
Mailing address: ▮▮▮▮▮▮▮▮▮

DATED: _10/25___, 2011.

_____
KENNETH A. RESO
Mailing address: ▮▮▮▮▮▮▮▮▮

DATED: _10/28___, 2011.

_____
ROBERT Q. RODRIGUEZ
Mailing address: ▮▮▮▮▮▮▮▮▮

- 13 -

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
Mitchell vs. County of Monterey, USDC ND Calif.  C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _11-4_, 2011.

MICHAEL R. SHAPIRO
Mailing address: ████████████
████████████

DATED: _11/8_, 2011.

GARY WHEELUS
Mailing address: ████████████

DATED: _10/20_, 2011.

MONTEREY COUNTY DEPUTY SHERIFF'S
ASSOCIATION

By _____
DAN MITCHELL

DATED: _____, 2011.

COUNTY OF MONTEREY

By _____
   JANE PARKER
   Chair, Monterey County Board of
   Supervisors

\* \* \* \* \*   \* \* \* \* \*   \* \* \* \* \*

Approved as to Form:

CHARLES McKEE
County Counsel

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

_____
by WILLIAM K. RENTZ
Sr. Deputy County Counsel
Attorneys for Monterey County Defendants
and Monterey County Sheriff

_____
by
Attorneys for 22 Plaintiffs and Grievants

F:\WPWIN60\TXT\LIT\620 - Personnel Lit\Mitchel\SETTLEMENT\Settlement agreement FINAL.wpd

- 14 -

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
Mitchell vs. County of Monterey, USDC ND Calif. C08-01166 JW
Grievance by Dan Mitchell et al. dated March 24, 2009
Grievance by Dave Dungan et al. dated April 6, 2009

DATED: _____, 2011.

      _____
      MICHAEL R. SHAPIRO
      Mailing address: _____
      _____

DATED: _____, 2011.

      _____
      GARY WHEELUS
      Mailing address: _____
      _____

DATED: _____, 2011.

      MONTEREY COUNTY DEPUTY SHERIFF'S
      ASSOCIATION

      By _____
      DAN MITCHELL

DATED: _____, 2011.

      COUNTY OF MONTEREY
      By _____
        JANE PARKER
        Chair, Monterey County Board of
        Supervisors

* * * * *   * * * * *   * * * * *

Approved as to Form:

CHARLES McKEE
County Counsel

by WILLIAM K. RENTZ
Sr. Deputy County Counsel
Attorneys for Monterey County Defendants
and Monterey County Sheriff

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

by David E. Mastagni
Attorneys for 22 Plaintiffs and Grievants

F:\WPWIN60\TXT\LIT\620 - Personnel Lit\Mitchell\SETTLEMENT\Settlement agreement FINAL.wpd

## MITCHELL PLAINTIFF SETTLEMENT AMOUNTS

| Mitchell Plaintiff Individual Settlements | | | |
|---|---|---|---|
| **Name** | **Amount** | **1/2 to Wage** | **1/2 to Liq. Dam.** |
| Allred | $3,706.31 | $1,853.16 | $1,853.16 |
| Baird | $2,486.52 | $1,243.26 | $1,243.26 |
| Burnside | $3,154.23 | $1,577.12 | $1,577.12 |
| Chaffee | $2,405.02 | $1,202.51 | $1,202.51 |
| Clester | $0.00 | $0.00 | $0.00 |
| DiCarlo | $2,363.62 | $1,181.81 | $1,181.81 |
| Durham | $2,139.69 | $1,069.85 | $1,069.85 |
| Garcia | $4,658.59 | $2,329.30 | $2,329.30 |
| Gonzalez | $4,939.50 | $2,469.75 | $2,469.75 |
| Hedberg | $1,670.24 | $835.12 | $835.12 |
| Jimenez | $1,549.84 | $774.92 | $774.92 |
| Krebs | $2,370.39 | $1,185.20 | $1,185.20 |
| Matthews | $3,596.35 | $1,798.18 | $1,798.18 |
| Mauk | $1,875.85 | $937.93 | $937.93 |
| Mitchell | $2,614.10 | $1,307.05 | $1,307.05 |
| Napper | $2,055.33 | $1,027.67 | $1,027.67 |
| O'Connor | $7,163.10 | $3,581.55 | $3,581.55 |
| Ramon | $4,171.84 | $2,085.92 | $2,085.92 |
| Resop | $1,494.83 | $747.42 | $747.42 |
| Rodriguez | $1,880.64 | $940.32 | $940.32 |
| Shapiro | $5,749.96 | $2,874.98 | $2,874.98 |
| Wheelus | $3,953.87 | $1,976.94 | $1,976.94 |
| **Total** | $65,999.82 | | |

SEPT. 30, 2011, SETTLEMENT AGREEMENT
EXHIBIT A

## ACCEPTANCE OF SPECIAL PAID LEAVE;
## WAIVER AND RELEASE OF CLAIMS

I, (print name) _____, accept from my
employer, the County of Monterey, 8 hours of special paid leave which I may use in calendar
year 2012 and 8 hours of special paid leave which I may use in calendar year 2013. I understand
that I must use this leave in the year given, or lose it if not so used. In exchange for these hours
of special paid leave, I hereby waive and release the County of Monterey from all claims that I
might otherwise make under the Fair Labor Standards Act and under the Memoranda of
Understanding between the County and the Deputy Sheriff's Association for compensation (1)
for pre-shift and post-shift activities performed by me before the date of this waiver and (2) for
any error in the calculation of the overtime rate of pay arising from the County's non-inclusion of
the longevity performance stipend, the fitness incentive, and standby pay in my overtime rate
calculation before the date of this waiver.

Dated: _____        _____
                                              (signed)

SEPT. 30, 2011, SETTLEMENT AGREEMENT
EXHIBIT B